Pearson, J.
 

 The plaintiff has by his proofs made good his allegation, that the defendant bought the property at the sale, made by him as trustee, by the instrumentality of Hinton, who bid ofF the property as his agent.
 

 Nothing has been done amounting to an affirmation of the sale, and the plaintiff applies within a reasonable time to have it set aside, and the property sold over again. He has a right to do so. It is an inflexible rule, that when a trustee buys at his own sale, even if he gives a fair price, the
 
 cestui que trust
 
 has his election to treat that sale as a nullity, not because
 
 there is,
 
 but because there
 
 may be,
 
 fraud. It must be declared to be the opinion of this Court, that the plaintiff is entitled to have the said personal property resold, and that he is also entitled to have the land re sold, unless the subsequent sale by the defendant, was
 
 bonce fide
 
 and for a fair price.
 

 There must be a reference to enquire, whether the land was sold by the defendant, and if so for what price, and the value of the land at the date of the sale, and it is also referred to the Clerk and Master of Gates, County to take an account of the debts secured by the deed of trust, and the rents and hires of the land and negroes, that have been, or might, without his default, have been, received by the defendant; and the cause is reserved for further directions. By consent of the parties, W. J. Baker, Clerk
 
 *152
 
 and Master of the Court of Equity of Gates County, is ap. pointed commissioner, to sell the negroes at public sale» on a credit of six months, taking bonds and approved security, and the defendant must surrender the same to the said Baker on demand.
 

 Per Curiam. Ordered accordingly.