JOHN L. DRAKE and others v. BRITTON DRAKE and others.

*Confederate Money—Scale—Evidence—Vouchers—Commissions—Negligence.*

1. Disbursements made by an administrator in confederate money should not be scaled, where such money is the money of the estate, and is received by the creditors at its nominal value.

2. Independently of section 480 of the code, receipts of living persons are not strictly legal evidence to show a full administration; but when they are acted on by a referee, without pointed, specific objection *then* made, such as will give the opposite party an opportunity to remove the difficulty, one cannot be heard in a subsequent stage, unless unfairness be made to appear.

3. An administrator who does not deduct his commissions until a final settlement is entitled to his *per centum* on the aggregate of his receipts and disbursements, including interest thereon.

4. An administrator brought suit in May, 1861, on a solvent note, against the principal and surety thereto ; judgment was delayed by appeals and continuances until fall term, 1862 ; under an execution issued thereon, the sheriff in January, 1863, collected confederate money, and the same was paid into office, and taken out by the administrator in the fall of that year, the receipt of such currency being then customary among execution creditors in that locality ; *Held*, that the administrator was not chargeable with negligence.

5. Where confederate money has been received by an administrator under such circumstances, he should not have to bear the loss of a part of the same by an investment thereof, in good faith, in certificates of the Confederate States.

(*Finch* v. *Ragland*, 2 Dev. Eq., 137, cited and approved.)

SPECIAL PROCEEDING commenced in the probate court and heard on appeal at Fall Term, 1879, of CHATHAM Superior Court, before *Gilmer, J.*

This proceeding was commenced by the next of kin of George Drake, deceased, against the defendant, Britton Drake, his administrator, for an account and settlement, and was heard upon exceptions to a report of the clerk of the court. The plaintiffs appealed from the ruling of the judge upon the exceptions, and from the judgment rendered.

*Messrs. Merrimon & Fuller* and *J. J. Jackson,* for the plaintiffs.

*Mr. John Manning,* for defendants.

SMITH, C. J. This cause is before us on the plaintiffs' appeal from rulings of the court upon numerous exceptions to the administration account of the defendant, taken and reported by the referee. They will be noticed in their proper order :

1. The first exception is to the full allowance of the sums disbursed and evidenced by vouchers numbered 1, 2, 4, 5, 8, 9, 13, 15, 16, 17, 18, 19, 20 and 21, for that, they should have been reduced by applying the scale to their true value in national currency. The referee finds that letters of administration on the intestate's estate issued to the defendant from May term, 1860, of the county court of Chatham ; that all the claims due the intestate were collected in confederate money and in bank notes, and his debts paid out of these funds ; that two hundred and ten dollars received in bank notes, and not thus applied, were loaned out and subsequently collected in confederate money, and that a portion of the confederate money, not needed in payment of debts, was invested in certificates of indebtedness of the Confederate States, and lost. It thus appears that the currency, though equally depreciated when much of it was received

for claims of the intestate, has been applied to the extinguishment of his indebtedness in an equal amount, and payable in like medium. Hence no loss has accrued to.the estate from the delay and depreciation. It would be manifestly unjust to charge the administrator with the entire amount collected, and scale his disbursements of the very same moneys. The exception was properly overruled.

2. The plaintiffs object to the credit of forty-two dollars paid to R. J. Foushee for want of proof of the correctness of the account and of the time of its payment. The defendant was asked during his examination before the referee, when he paid the debt, and said he did not know. Besides this enquiry of the plaintiffs' counsel, there was no suggestion and no evidence offered to impeach the validity of the debt. There are no findings of fact adverse to the claim and the referee has allowed the credit. There was a general objection made to the allowance of this payment when it was passed on by the referee, but it was not pointed or specific so as to give the defendant an opportunity to meet and remove it. This not being done, the exception will not be favorably considered by the court. " Receipts of persons living," says RUFFIN, J., in *Finch* v. *Ragland*, 2 Dev. Eq., 137, " are not strictly legal evidence to show a full administration, and especially upon accounts. But when they are taken and acted on by the master without objection then made, one cannot be heard in a subsequent stage, unless it be founded on something unfair appearing." The matter is now regulated by statute and " vouchers are presumptive evidence of disbursement, without other proof, unless impeached." C. C. P., § 480. The court did not err in disallowing the exception.

3. The third exception is similar to that preceding, and for similar reasons must be overruled.

4. For that the defendant is allowed commissions on the aggregate receipts and disbursements, in good money,

whereas the amount in confederate currency should be scaled, and no commissions given on the accumulated interest. This credit and all other items on either side of the account are in one and the same currency, and the scale is applied to none of them. A trustee may deduct his compensation as of the day of receiving and paying out; the residue of the sum received constituting the proper charge; and the sum paid increased by the commissions, the proper credit. The same practical result is reached by deducting commissions from both principal and interest ascertained on the final settlement. The exception is untenable.

6. The sixth exception is to the aggregate disbursements without specifications, and while too indefinite to be considered it is virtually disposed of in passing upon the others.

8. The eighth exception is covered by previous rulings as to the application of the scale by the defendant's payments.

9. The plaintiffs insist that the defendant should be charged with three hundred and ten dollars in bank notes, the excess of the sum received over the sum paid out in 1861. The defendant is already charged with the whole sum so collected, five hundred and ten dollars, and this would be to duplicate the excess, the use made of which, by the referee's report, was in discharge of debts and by a loan and collection in confederate money. The objection is based mainly upon the ground that the fund was not disbursed in 1861. The proposition cannot be maintained.

10. For that the defendant improperly collected in confederate currency a debt due from solvent parties in the fall of 1863. The referee finds that the defendant instituted an action on this note against J. A. Alston and his surety in May, 1861, in the county court of Chatham wherein it was removed to the superior court and judgment recovered at fall term, 1862; that execution issued thereon returnable to fall term, 1863, at or about which time the money, which the sheriff had collected in January preceding, was paid into

the office and taken out by the defendant; that this currency was then generally received by creditors under execution, and an abstract of many judgments satisfied at or about the same time, taken from the docket of the court is filed without exception, as evidence thereof. The finding of the referee is warranted by the evidence as well as his exculpation of the defendant from the imputation of negligence.

11. This exception rests upon similar ground and must be decided in the same manner.

13. The plaintiffs object to the allowance of the credit of four hundred dollars, invested in a certificate of the Confederate States, and lost. The referee finds this to be money collected on the Alston judgment and other debts in 1863. The defendant so testified, and adds that he may have used some portion of the trust funds for private purposes, but he could not say he had so misapplied any, and if he had, the amount was very inconsiderable. He retained about seven hundred dollars which the referee disallows, besides the sum invested. We think he was properly credited with the amount.

14. The plaintiffs except to the finding of the referee that confederate money was current in 1863, and generally received by creditors in payment of debts. We think the proofs support his findings of fact, and these his conclusions of law.

15. The last exception is directed to the general result, and besides its vagueness includes in a summary way the special exceptions already passed on.

The several exceptions to the referee's ruling upon points of law are disposed of in passing upon the enumerated exceptions, and require no further examination. The referee further finds that the defendant has acted in good faith in administering the intestate's estate during those difficult times which taxed the vigilance and discretion of fiducia-

ries in the highest degree, and we concur with His Honor in approving the conclusions of the referee in this respect.

It must be declared there is no error, and it is referred to the clerk to correct and reform the account in accordance with the rulings of the court and make report thereof.

No error.					Affirmed.