CATHERINE COSTEN v. JOHN L. McDOWELL.

*Constructive Fraud—Undue Influence—Setting Aside a Deed—
Vendor — Vendee—Findings of Referee—Exceptions—Trans-
actions with Deceased Persons—The Code—Vouchers—Re-
ceipts—Evidence.*

1. Where the Court, pursuant to a verdict of the jury, set aside a deed
   for constructive fraud and undue influence in procuring its execu-
   tion: *Held,* that the land was properly charged with the supplies
   and advancements made to the plaintiff's ancestor by the defend-
   ant, vendee, as a consideration for the conveyance.

2. A plaintiff cannot, with good grace, seek redress for fraud while she,
   or her ancestor under whom she claims, holds the price of such
   fraud.

3. A verdict that a deed was obtained by fraud and undue influence is
   not inconsistent with the idea that it is constructive fraud only.

4. The finding of the referee that certain payments had been made by
   the defendant to the plaintiff's ancestor, deceased, upon his own
   oral evidence, which was not objected to by plaintiff, will not now
   be disturbed by this Court.

5. The handwriting of the person who signed the vouchers need only be
   proved when relied on, under section 1401 of *The Code,* as pre-
   sumptive evidence of disbursement.

6. Before the passage of this statute, the receipts of persons living were
   not strictly legal evidence to show a full administration. The
   statute makes them presumptive, not primary, evidence.

7. Evidence of the statements of a deceased witness made during a trial
   is not inhibited, under section 590 of *The Code,* as transactions
   with deceased persons.

8. It is true, as a general proposition, that land charged with debt is
   entitled to exoneration by the personal estate; but, where the aid
   of this principle has not been invoked by the plaintiff, but, on the
   contrary, she has asked for the sale of the land for the discharge
   of the lien, the decree of the Court ordering the sale will not be
   disturbed.

COSTEN v. McDOWELL.

This was a CIVIL ACTION, tried at ·August Term, 1889, of CLEVELAND Superior Court, before *Connor, J.*

The facts are set out in the opinion.

*Mr. M. H. Justice,* for plaintiff.
*Messrs. R. McBrayer* and *W. A. Hoke,* for defendant.

SHEPHERD, J.:

1. The plaintiff, the sole heir at law of Nancy Baxter, alleges that the deed executed by the latter to the defendant was without consideration, and was procured by fraud and undue influence. It appears that the defendant was the general agent of the said Nancy (who was an infirm widow), and that in 1860 she conveyed her lands to him, reserving a life-estate in herself. It also appears that defendant continued to act as such agent (except when absent in the army during the late war) until the death of the said Nancy in 1884, and that, from time to time, he made advances in· money and supplies, and for a considerable period supported her at his own home. The report of the referee, as corrected by his Honor, discovered a balance of $974.98 due the defendant on account of his said transactions during this long period, and the jury having found that the deed was procured by the fraud and undue influence of the defendant, the Court set aside the same, but charged the land with the said amount, the true consideration for the said conveyance.

The plaintiff contends that there was error in charging the land with the above sum, and that the decree of cancellation should have been unconditional. Whether a Court of Equity will require a return of the consideration, as a necessary condition to the setting aside of a deed obtained by reason of actual fraud in the treaty, has been the subject of some diversity of opinion in a few of the States, but Mr. Bigelow, in his work on Fraud, after stating these differences, remarks with much force: " But it may be questioned if an

injured man coming into a Court to seek redress for fraud can be said to come with good grace while he holds in his hands the price of the fraud and refuses to return it. If he will honestly repudiate the fraud, he should do so *in toto*." See also Kerr on Fraud and Mistake, 342. This view finds support in this State in the case of *Stewart* v. *Hubbard*, 3 Jones' Eq., 186, where an assignment of an interest in land was obtained by false representation (actual fraud), and the Court, upon setting it aside, decreed a return of the consideration. No doubt seems to exist, however, in cases of constructive fraud (Bigelow, *supra*); and the principle of "indemnity and reimbursement" is clearly recognized and acted upon in *Futrill* v. *Futrill*, 5 Jones' Eq., 61 (a case strikingly similar to ours), where the conveyance was decreed to stand as a security for the amount actually due. To the same effect is *Franklin* v. *Ridenhour*, 5 Jones' Eq., 421. Now if we concede, for the sake of the argument, that the principle applies only in cases of constructive fraud, it is, nevertheless, very plain that the defendant in this action is entitled to its protection. The verdict that the deed was obtained by "fraud and undue influence" is not at all inconsistent with the idea that the fraud was constructive only, and, upon a very careful perusal of the testimony, we cannot but believe that it was upon this view of the case that the jury acted. In our opinion, they could not very safely have found actual fraud, and it will be noted that the charge of his Honor was almost entirely directed to the other theory. We are of opinion, therefore, that there was no error on the part of the Court in holding that the land should be charged with the amount due the defendant, and it should be further observed that the decree, in this respect, is in entire conformity to the prayer of the plaintiff as set forth in her complaint.

2. We will now proceed to consider his Honor's rulings upon the exceptions of the plaintiff to the report of the

COSTEN *v.* McDOWELL.

referee.  The report and accompanying testimony is not printed, and by this failure to comply with an important rule of the Court, we are left, without the aid of counsel (for this part of the case was not argued), to grope through many pages of manuscript in search for the testimony and rulings applicable to the various points presented for review.

*First Exception.*—For that the referee "admitted three notes A., B. and C. as evidence"  The report shows the said notes were, in fact, excluded.  Overruled.

*Second Exception.*—"Because the referee admitted the vouchers one to twenty as evidence, the same not being proven and established."

The vouchers were actually produced, and the defendant, without objection, testified that he had paid the various amounts mentioned in the same.  It is true that the vouchers were not proved as such by evidence of the handwriting of the persons who signed them, but this is only necessary when they are relied upon under *The Code*, § 1401, as "presumptive evidence of disbursement."  Before the passage of this statute the "receipts of persons living (were) not strictly legal evidence to show a full administration; and especially upon accounts" (RUFFIN, C. J., in *Finch* v. *Ragland*, 2 Dev. Eq., 137; *Drake* v. *Drake*, 82 N. C., 445), and the statute, while making them presumptive proof, by no means provides that they shall be *primary* evidence, and, therefore, actual payment may be established in the same manner as before. The referee was satisfied, upon the testimony of the defendant, that the payments claimed by him had been made, and we are not at liberty to disturb his findings.  Overruled.

*Third Exception.*—"Because the referee allowed the account embraced in exhibit 'E,' the same not being proven and established.  Plaintiff alleges that this paper was introduced by Mr. Webb, one of her counsel, not as substantive testimony, but as a contradiction of defendant's evidence, and the same was so stated at the time."

The defendant was permitted, in the course of his examination in chief, to state the testimony of one W. D. Harriss, deceased, upon a former trial between these parties. He stated that the said Harriss testified that he was called upon to make a settlement between Mrs. Baxter and the defendant in 1880; that he took an account, which she admitted to be correct, and that she gave her note for the said balance, which note was subsequently renewed; that said Harriss also testified that Mrs. Baxter's mind was good at the time. Upon the cross-examination of defendant, he was asked by plaintiff's counsel to produce "the basis of settlement" made in 1880. The defendant produced the account marked "E," and the plaintiff thereupon put the same in evidence. There is nothing in the report to show that the account was introduced, as contended, for the mere purpose of contradiction. It appears to have been offered generally, and as its correctness may be inferred from the evidence of Miller and the admission of Mrs. Baxter, as testified to by the deceased witness Harriss, the referee was warranted in acting upon the same. Overruled.

*Exceptions 4, 6, 7 and 8* were properly overruled by the Court. They relate to questions of fact, and these cannot be reviewed here.

*Exception 5* was sustained, and the report modified accordingly.

*Exception 9.*—"Because the referee admitted the testimony of the defendant as to transactions and conversations with Nancy Baxter, now dead." We can find no such testimony except that which was brought out by the plaintiff upon cross-examination. We presume that the exception refers to the admission of the testimony of the defendant as to the evidence of W. D. Harriss upon the former trial, which we have referred to in passing upon the third exception.

The witness was not testifying to any transaction between himself and the deceased Nancy, but only to what was stated

by the deceased witness upon a public trial. This is not inhibited by section 590 of *The Code.*

The defendant said that he could state the substance of the testimony of the said witness, and it was clearly admissible. *Jones* v. *Ward*, 3 Jones, 24; 1 Greenleaf Ev., 163, *et seq.*

We have carefully considered the remaining exceptions, and are of the opinion that they are without merit. They seem to be based upon the idea that the amount due the defendant is a mere general indebtedness and attended with its usual incidents, such as the applicability of the statute of limitations, the necessity for the presence of the administrator, &c.

We have seen that such is not the character of this indebtedness, and that equity requires its payment as a condition to the granting of the relief prayed for. It is true, as a general proposition, that land charged with debt is entitled to exoneration by the personal estate (*Pate* v. *Oliver*, 104 N. C., 458), but the plaintiff has, at no time during the progress of this litigation, invoked any such principle in her behalf. On the contrary, she explicitly prays that the amount due the defendant be ascertained, and that, in default of payment, the land be sold, the defendant paid out of the proceeds, and the balance paid to her. The Court has so decreed, and we see no reason for disturbing the judgment. Furthermore, it appears from the judgment of the Court that there is no indebtedness except the amount due the defendant, that there is no administrator or any personal estate, and that the plaintiff is the only child and heir at law.

Under these circumstances, it is not easy to understand why she can be prejudiced by the absence of an administrator as a party.

There is no error.                                    Affirmed.