CATHERINE E. WATERS, Widow, v. W. H. WATERS *et al.,* heirs-at-law of Jesse E. Waters.

(Decided December 22, 1899.)

*Dower—Seizin of Husband.*

In a petition for dower it is incumbent on the widow, by proper evidence, to show seizin in the husband during coverture and summons ·served on the heirs.

PETITION FOR DOWER, tried upon transfer from the Clerk to term, before *Adams, J.,* at June Special Term, 1898, of SAMPSON County.

The petition states that the husband of petitioner died in April, 1890, and the widow testified that her husband died in 1890.

It seems that the evidence as to title was a contract of assignment made by an instrument in writing, and under seal, between her and a portion of the prospective heirs, dated November 14, 1889, which was read in evidence by the defendants, together with a lease by the widow made to one of them in 1891, in the part assigned her.

The jury responded, "Yes," to the following issue:

1. Was the plaintiff and Jesse E. Waters married, and did they live together on the lands set out in the complaint, and

was Jesse E. Waters seized and possessed of the lands recited in the complaint, during their coverture?

Judgment for plaintiff.   Defendants except and appeal.

*Messrs. Stevens & Beasley,* for appellants.
*Messrs. J. D. Kerr,* and *Geo. E. Butler,* for appellee.

CLARK, J.   This is a proceeding by the widow begun before the Clerk to procure allotment of dower.   The defendants, heirs-at-law of the husband, answered, denying that he was seized at any time during coverture of the land described in the complaint, and also pleaded forfeiture of dower rights by reason of adultery.   Upon the trial in the Superior Court, the plaintiff, (probably to estop the defendants as to the plea of non-seizin) introduced a witness who testified that he was present when the widow and heirs-at-law agreed upon an assignment of dower, that he made the survey and wrote the deed, which was executed by the heirs-at-law and registered; the deed was introduced, also a subsequent lease of said dower land executed by the plaintiff.   When the plaintiff rested, the defendants saw their opportunity, and moved for judgment because, having agreed to actual assignment, Code, sec. 2110, the plaintiff was estopped to claim dower by assignment of law.   The plaintiff then asked to withdraw the deed and lease, which the Court allowed, and the defendants excepted.

The withdrawal of the evidence was a matter within the discretion of the Court.   *Wilson v. Manufacturing Co.,* 120 N. C., 94; *Crenshaw v. Johnson, Ibid,* 270.   But why the defendants objected to the withdrawal is difficult to see, since the evidence of the plaintiff's witness was left standing, that there had been an assignment of dower by deed, and the withdrawal of the paper prevented any inquiry as to any defect in the deed.

But the matter did not stop here, for the defendants reintroduced the deed and lease, and asked the Court to instruct the jury that the plaintiff could not recover. This was refused, presumably upon the ground of defective execution by some of the parties. This would have raised the question whether the plaintiff was not barred of dower as to the heirs-at-law who properly executed the deed, but it is unnecessary to consider it, for the Court then submitted the following issues to the jury, to which the defendants excepted:

"1. Were the plaintiff and J. E. Waters married, and did they live together on the land set out in the contract, and was J. E. Waters seized and possessed of the land described in the complaint? Answer. Yes.

"2. Is J. E. Waters dead? Answer. Yes."

There was no issue raised by the pleadings as to the marriage or the death of the husband, and the mingling of several matters in one issue, much of which was admitted by the defendants, was calculated to mislead the jury. And, certainly, if the deed was not sufficiently executed by the infant and *feme* covert defendants so as to estop the plaintiff under The Code, sec. 2110, it could not operate as an admission by them of seizin in the husband. In other words, if the deed between the plaintiff and some of the defendants was valid, as to them, she is barred, and if, as to the others, it is invalid by reason of infancy and coverture, then certainly the plaintiff, as to them, has shown no seizin of the land in the husband, for she has shown it in no other way, and it was incumbent upon her to show it, for it is denied in the answer.

The question was earnestly argued before us that the defendants could not set the deed up as an estoppel because not pleaded in the answer. Neither did the complaint state that the defendants were estopped to deny title. But aside from the fact that but for the deed there is nothing to show title in

BANK *v*. WARLICK.

the husband, which the plaintiff is called on to prove, the deed when offered by the defendants was not excepted to by the plaintiff, and, if it had been, we could not notice the exception, for the plaintiff is not appealing. The evidence being in, the Court might even, after judgment, in its discretion, have allowed the answer to be amended to conform to the proof. Code, sec. 273.

As the case must go back for a new trial, the court below will have the power to permit amendments of both the complaint and the answer, and counsel on both sides will doubtless consider with more care the effect of their "moves" and "counter-moves" before they are made.

New trial.