OWEN McPHAUL v. WILLIAM F. WALTERS.

(Filed 5 November, 1914.)

1. Fraud—Deeds and Conveyances—Consideration—Evidence.

Where fraud and undue influence is alleged in procuring a deed, the consideration paid by the purchaser is an important and material fact, and in the absence of peculiar conditions, gross inadequacy may become controlling.

2. Same—Mortgagor and Mortgagee—Inadequacy of Consideration—Trials—Questions for Jury.

In this action to set aside a deed for fraud and undue influence there was evidence tending to show that the grantee was also a mortgagee of the plaintiff at the time of the execution of the deed, and falsely represented that the deed in question was only a mortgage, and thus induced its execution; that the defendant only had paid $8 an acre for the land,

which was worth at the time $30 an acre, and it is *Held*, that the evidence of inadequacy of the consideration paid is, under the circumstances, proper for the consideration of the jury upon the question of fraud.

3. **Fraud—Deeds and Conveyances—Consideration—Inadequacy—Price—Remote Period—Evidence.**

It is the inadequacy of the consideration paid by the purchaser of lands, at the time of the deed which is attacked for fraud, that is evidence thereof, and the admission of evidence of its value nine years thereafter is held for reversible error.

4. **Pleadings—Fraud—Allegations—Issues.**

Allegations of the complaint, in substance, that a deed sought to be set aside for fraud was obtained when the relationship of mortgagor and mortgagee existed between the parties, and that the plaintiff was induced to sign the deed by the false representations that it was a mortgage, is held sufficient to raise the issue; and upon a new trial awarded in this case the Court suggests that the question of actual and constructive fraud be determined upon separate issues.

APPEAL by defendant from *Rountree, J.*, at April Term, 1914, of HOKE.

This is an action to set aside a deed, executed by the plaintiff to the defendant in 1905, upon the ground of fraud.

The plaintiff alleged, in substance, that the relation of mortgagor and mortgagee existed at the time of the execution of the deed, and that the amount paid or advanced by the defendant was less than the value of the land, and also that he was induced to sign the deed by the false representation that it was a mortgage. This was denied by the defendant.

Evidence was introduced tending to support the contentions of both parties. The evidence of the plaintiff as to the value of the land was that it was worth $30 per acre, and of the defendant that it was worth $8 per acre. One witness was permitted to testify that the land was worth $75 at the time of the trial in 1914, and the defendant excepted.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

*G. B. Patterson, J. P. Wiggins, and S. B. McLean for plaintiff.*
*McIntyre, Lawrence & Proctor for defendant.*

ALLEN, J. When an issue is raised upon the trial of an action, involving fraud and undue influence in procuring the execution of a deed, the consideration paid is an important and material fact, and is frequently controlling.

If it is near the value of the land conveyed, it is natural and reasonable to conclude, in the absence of peculiar conditions and circumstances, that there is no fraud, as men are not apt to engage in fraudulent conduct with no hope of gain; and, on the other hand, if there is a gross

inequality between the price paid and the value of the property, the inference of mistake or deception arises almost irresistibly.

Some of the authorities upon the subject are reviewed in *Leonard v. Power Co.,* 155 N. C., 16, and the conclusion was then reached that inadequacy of consideration is evidence of fraud, and when grossly so may, standing alone, justify submitting the issue of fraud to the jury.

The Court quotes with approval from *Perry v. Ins. Co.,* 137 N. C., 406, language used in reference to awards which is equally applicable to deeds, that "Where there is a charge of fraud or partiality made against an award, the fact that it is plainly and palpably wrong would be evidence in support of the charge, entitled to greater or less weight according to the extent or effect of the error and the other circumstances of the case. There might be a case of error in an award so plain and gross that a court or jury could arrive only at the conclusion that it was not the result of an impartial exercise of their judgment by the arbitrators"; and from *Goddard v. King,* 40 Minn., 164: "The settled rule, which is applicable, not only to awards, but to other transactions, is that mere inadequacy alone is not sufficient to set aside the award, but if the inadequacy be so gross and palpable as to shock the moral sense, it is sufficient evidence to be submitted to the jury on the issues relating to fraud and corruption or partiality and bias."

If, therefore, value is a material inquiry, is evidence competent upon the issue that the land conveyed was worth $75 per acre at the time of the trial in 1914?

The fact in controversy was the value of the land at the time of the execution of the deed in 1905, the plaintiff contending it was then worth $30 per acre, and the defendant that it was worth $8 per acre, which is about the amount he paid, and the question is therefore presented, whether it is competent to offer evidence of the value of land nine years after the execution of a deed without further explanation as some proof of its value as of the date of the deed.

We think not. The evidence is too remote, and has a tendency to mislead the jury, and in this case had much additional weight by the failure of the learned judge, inadvertently, to instruct the jury that the adequacy or inadequacy of the consideration was to be determined as of the time of the execution of the deed.

The case of *Gross v. McBrayer,* 159 N. C., 374, is in point, the only difference between that case and this being that the evidence of value excluded in the *Gross case* was anterior to the transaction, while in this it was subsequent; and of this evidence the Court says: "There was evidence that the land brought its full value at the sale, and that which the plaintiff offered to show its value, not at the time of the sale, but many years before, was too remote to have any bearing upon the question."

The allegations in the answer as to value were not introduced and do not affect the competency of the evidence admitted.

The answer is, in our opinion, sufficient to raise the issue of fraud growing out of the relation of mortgagor and mortgagee, as well as because of the alleged false representations, and as a new trial is necessary, it is advisable to submit issues presenting the question of actual and constructive fraud separately.

New trial.