MRS. MAY EDNA CARLAND, FRANK LITTRELL, HOWARD LITTRELL, VIRGINIA WRIGHT, CARROLL LITTRELL, WINFRED KERLEE, BY HIS NEXT FRIEND, MAY EDNA CARLAND, v. CECIL ALLISON.

(Filed 18 March, 1942.)

**1. Insane Persons § 12—**

In an action to annul a deed on the ground that the grantor was mentally incompetent, plaintiffs may offer the deed in evidence in order to attack it.

**2. Same—**

In an action to annul a deed on the ground that the grantor was mentally incompetent, evidence of mental incapacity of the grantor alone is sufficient to defeat defendant's general motion to dismiss as of nonsuit.

**3. Same—**

Where the jury finds that the grantor was mentally incapable of executing the deed attacked, evidence of defendant's long association with the grantor will support a further finding that the defendant had notice of the incapacity, which raises a presumption of fraud.

**4. Trial § 37—**

The issues to be submitted to the jury are those raised by the pleadings and supported by the evidence.

**5. Insane Persons § 12—**

Where, in an action to annul a deed on the ground that grantor was mentally incompetent, defendant does not allege the amount of consideration paid or pray its recovery, it is not error for the court to refuse to submit an issue as to the amount of consideration paid, defendant being fully protected by order of the court retaining the cause for adjustment between the parties as to rents and refund of consideration.

**6. Same—**

In an action to annul a deed on the ground that the grantor was mentally incompetent, evidence of inadequacy of consideration is competent to be considered by the jury together with other facts and circumstances adduced by the evidence in passing upon the issue of fraud and undue influence, notwithstanding that the question of defendant's right to recover the consideration paid if the deed is canceled is reserved for later determination.

**7. Same: Appeal and Error § 39—Charge construed as a whole held not to contain prejudicial error.**

In this action to annul a deed on the ground that the grantor was mentally incompetent, the court charged the jury that the burden was upon plaintiff to show by the greater weight of the evidence that the grantor did not have mental capacity "to intelligently understand what he was doing." Immediately preceding this instruction the court defined "intelligent understanding" as embracing "mental capacity to understand what property he is disposing of, the person to whom he is conveying, the purpose for which the disposition is made. and the nature and consequence of his act." *Held:* Construing the charge as a whole it does not contain harmful or prejudicial error upon this point.

**8. Insane Persons § 12—**

Where, in an action to annul a deed, plaintiff offers evidence of the mental incapacity of the grantor at the time of the execution of the instrument, the burden rests upon defendant to show, in part, that he was ignorant of the mental incapacity and had no notice thereof such as would put a reasonable person upon inquiry; and that he paid a just and fair compensation and took no unfair advantage.

APPEAL by defendant from *Gwyn, J.,* at August Term, 1941, of BUNCOMBE. Affirmed.

Civil action to annul a deed of conveyance on the grounds of mental incapacity, fraud and undue influence.

On or about 21 September, 1934, E. J. Kerlee executed a deed for ten acres of land in or near Black Mountain to the defendant. Kerlee died in February, 1940, and this action was instituted by his heirs at law 17 April, 1940. Plaintiff offered evidence tending to show that Kerlee, the grantor, at the time of the execution of said deed, was about 86 years of age, was infirm physically and was mentally incompetent; that he was in close association with the defendant, and that the deed was without consideration, the two receipts produced by defendant being forgeries.

The defendant offered evidence contra to the effect that the grantor was mentally competent and alert and that $1,500.00, a fair value thereof, was paid for said land.

Appropriate issues were submitted to and answered by the jury in favor of the plaintiffs. From judgment thereon the defendant appealed.

W. W. Candler, Jones, Ward & Jones for plaintiffs, appellees.
J. W. Haynes for defendant, appellant.

BARNHILL, J. The defendant excepts for that the court permitted the plaintiffs to offer in evidence, for attack, the deed executed by Kerlee to him. This exception is without merit. The plaintiffs could not engage in shadow boxing. The validity of the deed was at issue and it was necessary for them to offer it for attack to have something at which to strike. This is the accepted practice. Burton v. Peace, 206 N. C., 99, 173 S. E., 4.

There was ample and persuasive evidence of the mental incompetency of the grantor. This alone would defeat defendant's general motion to dismiss as of nonsuit. A careful examination of the record leaves us with the impression that there was likewise sufficient evidence on the issue of fraud and undue influence to be submitted to the jury. The jury having found that the grantor was mentally incapable of executing a deed, defendant's association with him was such as to support a further finding that he had notice of the incapacity and when there is notice of incapacity fraud is presumed. Sprinkle v. Wellborn, 140 N. C., 163, 3 L. R. A. (N. S.), 174. Likewise, the inadequacy of consideration, when the inadequacy is such as to shock the moral sense and cause reasonable persons to say "he got it for nothing," is sufficient to support a finding of fraud. Dorsett v. Mfg. Co., 131 N. C., 254; Hodges v. Wilson, 165 N. C., 323, 81 S. E., 340.

It was not error for the court to decline to tender the issue submitted by the defendant. The issues to be submitted to a jury are those raised by the pleadings and supported by evidence. Defendant did not allege the amount of consideration paid or pray its recovery. On the contrary, he insisted that the transaction was valid and that the deed should be sustained. His right, if any, to recover consideration paid did not arise until the jury first answered the issue as to incompetency of the grantor in favor of the plaintiff. In this respect the defendant was fully protected by the order of the court retaining the cause "so far as any adjustment may be concerned for a refund of purchase price in the event plaintiff wins the case, (and) for the purpose of adjusting any matter as to rent."

But the defendant insists that, as the court declined to submit an issue as to the amount of the purchase price, it was error for it to charge the jury that it might consider the conflicting evidence in respect to the amount of consideration in arriving at its answer to the issue of fraud and undue influence. His exception in this respect is without merit. While mere inadequacy of consideration alone, ordinarily, is not sufficient to invalidate a deed, *Eyre v. Potter,* 56 U. S., 42, 42 L. Ed., 592; *Hodges v. Wilson, supra,* the consideration paid is an important and material fact in a trial involving fraud and undue influence in procuring the execution of a deed. *McPhaul v. Walters,* 167 N. C., 182, 83 S. E., 321. Evidence in respect thereto may be considered by the jury in connection with other facts and circumstances offered in evidence. *McLeod v. Bullard,* 84 N. C., 516; *Hodges v. Wilson, supra; Lamb v. Perry,* 169 N. C., 436, 86 S. E., 179; *Gilliken v. Norcom,* 197 N. C., 8, 47 S. E., 433.

We come now to what is perhaps the defendant's most meritorious exception. The court, in the course of its charge, instructed the jury "if you should find from the evidence, and by its greater weight, the burden being upon the plaintiff, that E. J. Kerlee at the time of the execution and delivery of the deed referred to in the complaint did not have mental capacity to intelligently understand what he was engaged in doing, it would be your duty to answer the second issue which will be submitted to you in the affirmative, that is to say, 'Yes.'" The defendant insists that it is not essential to the validity of a deed that the grantor shall have mental capacity to "intelligently understand" what he was engaged in doing and that the instruction placed too light a burden upon the plaintiffs, to his prejudice.

If we give the term "intelligently understand" its strict technical definition it may well be contended that the test of the requisite mental capacity is not quite so favorable to the plaintiffs. It appears, however, that the court, in a paragraph preceding the quoted excerpt, explained its meaning as follows: "the mental competency required by the law is that the person executing the deed have an intelligent understanding of what he is engaged in doing. Such understanding embraces mental capacity to understand what property he is disposing of, the person to whom he is conveying, the purpose for which the disposition is made and the nature and consequence of his act." This is in accord with our decisions. *In re Thorp,* 150 N. C., 487, 64 S. E., 379; *Bost v. Bost,* 87 N. C., 477; *In re Staub's Will,* 172 N. C., 138, 90 S. E., 119; *In re Ross,* 182 N. C., 477, 109 S. E., 365; *In re Craven,* 169 N. C., 561, 86 S. E., 587. Instructions that the grantor must have sufficient intelligence to enable him to have a reasonable judgment of, *Lawrence v. Steel,* 66 N. C., 584, a clear understanding of, *In re Staub's Will, supra,* and to comprehend intelligently, *In re Craven, supra,* the kind and value of the prop-

erty, etc., have been approved. Hence, upon the record as a whole we are unable to say that the charge as given constitutes harmful or prejudicial error.

In cases of this kind when mental incapacity of the grantor is shown the burden rests upon defendant to show, in part, that he was ignorant of the mental incapacity and had no notice thereof such as would put a reasonable person upon inquiry; that he paid a just and fair consideration and that he took no unfair advantage. This the defendant has failed to do.

We have considered the other exceptive assignments of error and find in them no cause for disturbing the verdict. The defendant's right, if any, to the refund of the consideration paid, to be made a charge upon the land recovered, is not now presented. He is fully protected in this respect by the order of the judge below retaining the cause.

The judgment below is

Affirmed.