J. J. WHEELER v. MART WHEELER AND WIFE,. GEORGIA WHEELER.

(Filed 17 March, 1954.)

**1. Pleadings § 22b—**

The trial court may permit an amendment to the pleadings before or after verdict and judgment so that the pleadings will conform to the evidence offered, provided the amendment does not change substantially the claim or defense. G.S. 1-163.

**2. Same—**

Independent of statute, the trial court may allow an amendment to the pleadings in its inherent discretion within the limitation that an amendment must not, in effect, add a new cause of action or change the subject matter of the original action.

**3. Same—**

Where plaintiff alleges that defendants agreed to convey to him a small tract of land upon which plaintiff had built a residence, but the testimony is that defendants agreed to give plaintiff notes for the amount expended by plaintiff in erecting the residence, *held*, the trial court properly permitted plaintiff to amend to make the allegation conform to the proof.

**4. Deeds § 16c: Contracts § 23—**

Allegation and evidence that plaintiff furnished the money for the purchase price of a tract of land in consideration of the grantees' promise to furnish plaintiff and his wife a home and medical care, and provide for them during their natural lives, and that defendants breached the contract, *is held* sufficient to overrule defendants' motion to nonsuit in plaintiff's action to rescind the contract and to recover the consideration paid by him on the ground that the contract contemplated personal care and therefore the breach could not be adequately compensated for in money.

**5. Contracts § 23—**

Allegations and evidence that plaintiff constructed a residence on land to which defendants had title in consideration of defendants' promise to repay upon the completion of the dwelling the cost of its construction, *is held* sufficient to overrule defendants' motion to nonsuit plaintiff's action for breach of the agreement.

**6. Trial § 36—**

It is the duty of the court either of its own motion or at the suggestion of counsel, to submit to the jury the issues raised by the pleadings and supported by the evidence which are necessary to settle the material controversies, G.S. 1-200.

**7. Trial § 31c—Instruction held for error in failing to conform to pleadings and evidence.**

Plaintiff alleged one cause of action for breach of contract to maintain and support plaintiff and his wife during their natural lives and a separate cause of action to recover money expended upon defendants' promise to repay. Defendants contended that they merely borrowed a sum of money from plaintiff which they had more than repaid. The court sub-

mitted issues relating solely to the amount plaintiff had loaned defend-ants and instructed the jury to answer the issues in such amount as plain-tiff had satisfied them by the greater weight of the evidence plaintiff had advanced to defendants at their request under a promise to repay or to support and maintain plaintiff for the remainder of his life.  *Held:* The instruction is erroneous on defendants' appeal, since it permitted the jury to answer the issues either on the theory of money advanced upon the promise to support and maintain plaintiff, or on the theory that plaintiff had merely loaned defendants money.  Further, if recovery was allowed on the theory of a loan, evidence that plaintiff had been sick, without food in the house or anyone to care for him, and evidence that plaintiff had expended money for hospital and other expenses after breach of the con-tract to support, would be highly prejudicial.

APPEAL by defendants from *Moore, J.,* October Term, 1953, WILKES. New trial.

Civil action on two causes of action: (1) for breach of a contract to maintain and support plaintiff and his wife during their natural lives, and (2) for recovery of money expended upon defendants' promise to repay.

As plaintiff filed an amended or substitute complaint in which he states fully and separately his two causes of action, we may disregard the orig-inal complaint which appears of record.

Plaintiff is the father of the male defendant and father-in-law of the *feme* defendant.  In the summer of 1947 defendants purchased a tract of land in Wilkes County consisting of three parcels for $5,500.  Plain-tiff alleges that (1) he provided $4,500 of the purchase price in considera-tion of the promise of defendants to furnish plaintiff and his wife a home and medical care, to provide for and support them during their natural lives, and give their bodies a decent burial; (2) the defendants breached said contract; (3) the contract contemplated personal care and therefore a breach thereof "cannot be adequately compensated for in money" by reason of which he "is now entitled to ask for a rescission of said contract and that the consideration paid by him be returned in full to" him; and (4) he is entitled to have the judgment for said sum declared a specific lien on said land.

This is the substance of plaintiff's first cause of action upon which he bases his prayer that he recover (1) $4,500; (2) $730 funeral expenses for his wife's burial; (3) $300 hospital and medical expense; (4) $4,150 for maintenance and subsistence from 1947 to date; and (5) $50 per month for support during the remainder of his life.

At the trial he offered evidence tending to establish the contract as alleged by him and the breach thereof.

Answering this cause of action, defendants deny any agreement on their part to furnish plaintiff maintenance, etc., as alleged in the complaint.

They allege that the male defendant borrowed $3,000 from plaintiff and $450 from plaintiff's wife, and plaintiff gave him $1,000, all of which was used to pay for said land. They further allege that all the money borrowed has been repaid and overpaid to the extent of $300.

As a second cause of action, plaintiff alleges that shortly after the land was purchased, he built a small residence thereon, near the residence to be occupied by defendants, at a cost of $2,500, in consideration of the promise of defendants that upon the completion of said house, they would convey to him the land on which it was located, consisting of approximately three acres.

After verdict plaintiff, by permission of the Court, struck the allegation that defendants agreed to convey to him the small dwelling and three acres of land on which it was located, and substituted in lieu thereof an allegation that defendants agreed that upon completion of said dwelling, they would pay to plaintiff the cost of construction of the same.

Defendants, answering, admit the erection by plaintiff of said dwelling, deny the contract alleged in plaintiff's second cause of action, plead certain set-offs in the event it shall be determined they are indebted to plaintiff in any amount on his second cause of action, and assert that in the event plaintiff recovers, then that they should be credited with the rental value of the house for the four years plaintiff has had possession thereof.

At the trial plaintiff on the one hand and defendants on the other offered evidence tending to support their respective allegations. Plaintiff testified he lived in the small house for a year or more and since then has leased it and collected the rent therefor. And defendants were permitted to, and did, offer evidence as to the market value of the house erected by the plaintiff.

Issues were submitted to and answered by the jury as follows:

"1. What amount, if any, did the plaintiff lend the defendant Mart Wheeler in the year 1947?

"Answer: $6,250.00.

"2. What amount, if any, did the plaintiff lend the defendant Georgia Wheeler in the year 1947?

"Answer: $6,250.00.

"3. What amount, if any, has the defendant Mart Wheeler repaid to the plaintiff?

"Answer: $1,800.00."

The court signed judgment on the verdict and defendants appealed.

*Hayes & Davis and Moore & Gambill for plaintiff appellee.*
*Trivette, Holshouser & Mitchell for defendant appellants.*

BARNHILL, C. J.　Unquestionably the trial judge may permit a litigant to amend his pleadings either before or after verdict and judgment so that they will conform to the evidence offered, provided the amendment does not change substantially the claim or defense. G.S. 1-163; *Bank v. Sturgill,* 223 N.C. 825, 28 S.E. 2d 511; *Perkins v. Langdon,* 233 N.C. 240, 63 S.E. 2d 565; *McDaniel v. Leggett,* 224 N.C. 806, 32 S.E. 2d 602; *Waters v. Waters,* 125 N.C. 590; *Hicks v. Nivens,* 210 N.C. 44, 185 S.E. 469.

Independent of the statute, the right to permit amendments to the pleadings is an inherent discretionary power of the courts. *Gilchrist v. Kitchin,* 86 N.C. 20; *Bank v. Sherman,* 101 U.S. 403, 25 L. Ed. 866.

This rule is subject to the limitation that the amendment must not, in effect, add a new cause of action or change the subject matter of the original action. *Lefler v. Lane,* 170 N.C. 181, 86 S.E. 1022; *Wilmington v. Board of Education,* 210 N.C. 197, 185 S.E. 767; *Nassaney v. Culler,* 224 N.C. 323, 30 S.E. 2d 226; *Ely v. Early,* 94 N.C. 1.

While, in his second cause of action, plaintiff alleges that defendants agreed to convey to him the small residence and the land on which it was situated, he testified that they agreed to give him notes for the amount expended by him in erecting the building. The exception to the order authorizing plaintiff to amend the first paragraph of his second cause of action so as to make his allegation conform to his proof is without merit.

The exception to the denial of the motion of defendants to dismiss as in case of nonsuit is likewise untenable. Plaintiff offered evidence upon each of his causes of action sufficient to require the submission of issues to a jury.

The issues to be submitted to a jury are those raised by the pleadings and supported by the evidence. G.S. 1-200; *Carland v. Allison,* 221 N.C. 120, 19 S.E. 2d 245; *King v. Coley,* 229 N.C. 258, 49 S.E. 2d 648.

G.S. 1-200, as construed and applied by this Court, is mandatory. It is the duty of the judge, either of his own motion or at the suggestion of counsel, to submit such issues as are necessary to settle the material controversies arising on the pleadings. *Griffin v. Insurance Co.,* 225 N.C. 684, 36 S.E. 2d 225, and cases cited; *Greene v. Greene,* 217 N.C. 649, 9 S.E. 2d 413; *Davidson v. Gifford,* 100 N.C. 18; *Falkner v. Pilcher,* 137 N.C. 449.

"All the material issues must be tried, unless waived, and it is error not to try them. *Porter v. R. R.,* 97 N.C. 66; *Davidson v. Gifford,* 100 N.C. 18;" *Gordon v. Collett,* 102 N.C. 532.

The issues submitted by the court below not only undertake to consolidate the issues raised on both causes of action, but they fail to comprehend all the issues raised by the pleadings.

The plaintiff alleges two causes of action arising out of two separate and distinct transactions. Yet the issues submitted have no substantial

relation to plaintiff's first cause of action which is bottomed on an alleged breach of contract to maintain and support. They are instead in accord with the allegations of defendants in respect to the first transaction. Hence it would seem that the court, in adopting the issues actually submitted, undertook to and did decide that the original transaction was not in the form of a contract for support and maintenance, but was, as contended by defendants, a mere loan. As plaintiff offered evidence tending to support his allegations, that was an issue for the jury to decide.

Even so, plaintiff did not appeal. And as the issues, in so far as they relate to the plaintiff's first cause of action, are in accord with the contentions of the defendants in respect to the purchase of the land, they, perhaps, have no just cause to complain. We do not, therefore, bottom our decision on the failure of the trial judge to submit issues sufficient in form and substance to settle the whole controversy. We merely take notice of that part of the record for the reason that it emphasizes the prejudicial nature of the excerpts from the charge to which defendants do except.

The court instructed the jury on the first issues in part as follows:

". . . you will answer that issue in such amount as the plaintiff has satisfied you from the evidence and by its greater weight represents the amount which he (plaintiff) has advanced to the defendant, at the request of the defendant, under a promise by the defendant to repay said amount, or to support and maintain the plaintiff for the remainder of his life."

The charge on the second issue is in almost identical language:

". . . you will answer that issue in such amount as . . . represents the amount advanced by the plaintiff to the defendant Georgia Wheeler . . . for which she promised to pay or which she promised to support and maintain the plaintiff and his wife."

Thus the court opened the door for the jury to answer these issues either on the theory plaintiff had advanced money to defendants on their promise to furnish him maintenance and support during the remainder of his life or had merely made a loan to them in some amount.

On the first cause of action plaintiff insists that defendants contracted to furnish him with support and maintenance. Defendants assert the male defendant merely borrowed $3,000. Upon which theory did the jury answer the issue? Did it find that defendants had breached their contract to maintain and support plaintiff or that plaintiff voluntarily built the small dwelling for his own convenience and therefore nothing is due him for the money expended thereon? In the original transaction did plaintiff advance $4,500, as his evidence tends to show, or $4,000, the amount he withdrew from the bank at the time, or only $3,000, as defendants allege? Is the amount arrived at by the jury made up partly of money advanced at the time the land was purchased or did the jury add hospital

and other expenses paid by plaintiff after defendants breached their contract to support? These and other questions the record fails to answer. They demonstrate, however, that the facts at issue, as raised by the pleadings filed and the testimony offered, are not fully and satisfactorily answered.

Furthermore, if the money advanced by plaintiff was merely a loan, the testimony to the effect plaintiff was sick for a month without anyone to care for him while defendants were in Ohio; that his health was "plumb bad"; that at one time while he was sick the only food he had in his home was a little brown sugar, a little piece of cake, and some vegetables; to which defendants excepted, was irrelevant and highly prejudicial to defendants.

For the reasons stated, the quoted excerpts from the charge must be held for prejudicial error which entitles defendants to a

New trial.