### FREDERICK D. SMITH v. RUBIE L. SMITH.

(Filed 31 January 1964.)

**1. Fraud § 2; Cancellation and Rescission of Instruments § 2—**

Where the stepson executes a deed to his interest in realty inherited from his father to his stepmother, the administratrix of his father's estate, the law presumes fraud even though the administratrix pays a fair consideration, and the son is entitled to have the issue submitted to the jury in his action to rescind his deed.

**2. Curtesy; Estates § 6—**

The son during the lifetime of his father is not liable for taxes on property inherited from his mother.

**3. Cancellation and Rescission of Instruments § 11—**

Where the grantor has his deed declared void and set aside for fraud he must return the consideration for the instrument.

APPEAL by defendant from *Braswell, J.,* April Session 1963 of JOHN-STON.

Plaintiff appellee instituted this action to set aside a warranty deed executed to the defendant, Rubie L. Smith, on the ground that its execution was procured by fraud.

Plaintiff is the step-son of defendant, defendant having married plaintiff's father, Almon F. Smith, in 1954. Almon F. Smith died intestate on 11 December 1961, seized and possessed of the land in controversy. The plaintiff and the defendant are the sole heirs at law of Almon F. Smith, deceased. Plaintiff is a college graduate and taught school from 1960 to 1962; he was teaching in Hillsboro, North Carolina, immediately prior to the time he signed the deed in question.

In April 1962 plaintiff had become addicted to whiskey. He gave bad checks, had difficulty with his Superintendent, as well as with the local police, and his creditors. The defendant learned of his trouble and offered to help him. According to plaintiff's evidence, she requested him to get all his bills together and let her know the amount needed and she would let him have the money and that he could pay her back when plaintiff's father's estate was settled. Defendant, who had been a school teacher for some 24 years at the time of the trial, was administratrix of the estate of her deceased husband, plaintiff's father, having qualified as such in December 1961.

Plaintiff's evidence tends to show that the defendant insisted on something in "black and white" before she would lend the plaintiff the money he needed. He thereupon, on 24 April 1962, signed before a Notary Public what purports to be a release of all his rights to his father's estate in consideration of the payment by defendant of his outstanding bad

checks and other obligations amounting to between three and four hundred dollars.

Plaintiff alleges that he was drinking at the time; that he thought he was executing a note and did not read the instrument; that the defendant said she was making him a loan. Thereafter, on 28 April 1962, plaintiff executed the warranty deed involved herein, conveying to the defendant a one-half undivided interest in certain real estate in Selma, North Carolina, which property the plaintiff and defendant inherited from plaintiff's father. Plaintiff alleges he was drinking and was under the influence of intoxicants at the time he signed this deed and was wholly incapable of comprehending what he was doing. That he did not learn until later that he had signed a deed.

From a verdict in favor of the plaintiff and a judgment entered thereon cancelling the deed involved, the defendant appeals, assigning error.

*L. Austin Stevens and Wiley Narron for plaintiff.*
*Samuel S. Mitchell for defendant.*

DENNY, C.J. The plaintiff alleges in his complaint that in addition to the fraudulent acts and conduct of the defendant in procuring the execution of the deed in question, she breached the fiduciary relationship that existed between the plaintiff and the defendant at the time. On the other hand, the defendant contends the transaction was a purely personal one, wholly unrelated to the administration of the estate of Almon F. Smith, father of the plaintiff.

In the case of *Cole v. Stokes,* 113 N.C. 270, 18 S.E. 321, Shepherd, C.J., said: "It is well settled that an executor or administrator in dealing with the estate, and with those who are interested therein, is regarded as a trustee, and as such is subject to that principle which raises a presumption of fraud against him when he undertakes to purchase the trust property from his *cestui que trust.* In respect to purchases of trust property, real or personal, directly or indirectly, from himself, whether privately or at auction, the law considers them invalid; and, says Pearson, J., in *Brothers v. Brothers,* 42 N.C. 150, even if the trustee 'gives a fair price, the *cestui que trust* has his election to treat the sale as a nullity' and this 'not because there *is,* but because there *may* be fraud.' " *Hayes v. Pace,* 162 N.C. 288, 78 S.E. 290; *Lockridge v. Smith,* 206 N.C. 174, 173 S.E. 36; *Harris v. Hilliard,* 221 N.C. 329, 20 S.E. 2d 278.

In our opinion, the plaintiff's evidence was sufficient to take the case to the jury, and the defendant's assignment of error to the failure of the court below to allow her motion for judgment as of nonsuit at the close of all the evidence, is not sustained. *Garris v. Scott,* 246 N.C. 568, 99 S.E. 2d 750; *Carland v. Allison,* 221 N.C. 120, 19 S.E. 2d 245.

The defendant assigns as error the exclusion of evidence to the effect that she paid taxes from 1954 through 1961 on four houses plaintiff inherited from his mother, and, further, excluding evidence of the repairs made on the home in controversy prior to the death of her husband.

The excluded evidence is to the effect that the four houses on which the defendant testified she paid taxes from 1954 through 1961 were owned by plaintiff's mother at the time of her death, but that Almon F. Smith, defendant's husband, collected the rents and profits from these houses after the death of plaintiff's mother until his own death in 1961.

There is no evidence that the defendant has made any repairs on the property involved or paid any taxes on the plaintiff's property since the death of her husband, Almon F. Smith.

A life tenant is liable for the taxes on property from which he receives the income. *Miller v. Marriner*, 187 N.C. 449, 121 S.E. 770; *Jeffreys v. Hocutt*, 195 N.C. 339, 142 S.E. 226; G.S. 105-410.

The payment of these taxes for the period involved was the obligation of Almon F. Smith or his estate. There is no evidence on this record tending to show that the plaintiff is obligated to pay for any expenditure made by the defendant in making repairs or improvements on the property of her husband prior to his death.

This assignment of error is overruled.

It is the general rule that where a plaintiff seeks to set aside and cancel a deed on the ground that it was procured by fraud, the plaintiff will be required to refund the consideration paid in connection therewith, pursuant to the application of the maxim: "He who seeks equity must do equity." *York v. Cole*, 254 N.C. 224, 118 S.E. 2d 419; *Costen v. McDowell*, 107 N.C. 546, 12 S.E. 432.

The plaintiff alleges in his complaint that he tendered the return of the consideration paid in connection with the transaction and requested the reconveyance of his one-half interest in the premises involved. Evidence to this effect was offered in the trial below but excluded on objection of the defendant. Plaintiff did not testify as to the amount he received as consideration in connection with the execution of the deed.

It is difficult to understand why counsel for the parties did not insist upon the submission of an issue as to the amount of the consideration involved. The evidence with respect thereto was vague and conflicting in the trial below. Instead, counsel for the parties agreed that only one issue was to be submitted to the jury: "Did the defendant procure the execution by the plaintiff of the deed dated April 28, 1962, by fraud, as alleged in the complaint?" This issue was answered in the affirmative. Consequently, no question is raised on this appeal with respect to the failure of the court to have the amount of consideration ascertained in the trial below.

All the remaining assignments of error are overruled. However, the judgment setting aside the deed dated 28 April 1962 will be upheld without prejudice to the right of the defendant to bring an action for the refund of whatever consideration defendant paid the plaintiff in connection with the execution of the aforesaid deed, unless the plaintiff voluntarily refunds such consideration. *Cf. Carland v. Allison, supra.*

No error.