Campbell v. Church

GEORGE HARVEY CAMPBELL, INDIVIDUALLY AND AS REPRESENTATIVE OF
THE CITIZENS AND TAXPAYERS OF DURHAM, NORTH CAROLINA v. FIRST BAP-
TIST CHURCH OF THE CITY OF DURHAM, AN UNINCORPORATED ASSO-
CIATION; CITY OF DURHAM; REDEVELOPMENT COMMISSION OF THE
CITY OF DURHAM; and the UNITED STATES OF AMERICA, DEPART-
MENT OF HOUSING AND URBAN DEVELOPMENT, JAMES T. LYNN, SECRETARY OF
THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

No. 8014SC778

(Filed 7 April 1981)

Municipal Corporations § 4.5– exchange of property between redevelopment com-
mission and church – effect of prior appellate decisions

Prior appellate court decisions rendered void the entire exchange of real
property between a municipal redevelopment commission and a church,
including a conveyance of property by the church to the redevelopment
commission as well as a conveyance by the redevelopment commission to the
church.

APPEAL by defendant City of Durham from *Battle, Judge.*
Judgment entered 3 April 1980 in Superior Court, DURHAM
County. Heard in the Court of Appeals 4 March 1981.

This case arises out of an exchange of real property made in
connection with an urban renewal project. On 19 January 1973
defendant First Baptist Church conveyed to defendant Rede-
velopment Commission a parcel of land referred to as the
"Church tract." On the same day, the Redevelopment Commis-
sion conveyed to the church a parcel called the "Markham
tract," and paid $1,885.17 in cash for the difference in value. The
City of Durham now acts as successor to the Redevelopment
Commission.

In February 1973, plaintiff brought suit attacking the ex-
change, in two causes of action, of which only the first is re-
levant to this appeal. Plaintiff alleged that the exchange did not
comply with statutory procedures under N.C.G.S. 160-464 (now
N.C.G.S. 160A-514) and sought relief including the following:
"[that] (a) The court declare the exchange illegal, *ultra vires*
and void; (b) The court cancel and rescind the deeds and other
instruments between the defendant Commission and defend-
ant Church effectuating such exchange."

Upon trial on the merits, the trial court concluded that the
conveyances were lawful and that each deed gave the respec-

tive party good and valid title to the tract described. This Court reversed on that issue, and remanded the case to the superior court because of the Redevelopment Commission's failure to follow statutory procedures, and the Supreme Court of North Carolina affirmed. *Campbell v. Church,* 39 N.C. App. 117, 250 S.E. 2d 68 (1978), *aff'd,* 298 N.C. 476, 259 S.E. 2d 558 (1979). These opinions set out the factual background in detail.

Upon remand, the superior court entered judgment declaring both deeds void and ordering the church to repay $1,885.17, with interest. Defendant City of Durham appeals.

*W.I. Thornton, Jr. and Daniel K. Edwards for defendant appellant, City of Durham.*

*Haywood, Denny & Miller, by Egbert L. Haywood and David M. Lomas, for defendant appellee, First Baptist Church.*

MARTIN (Harry C.), Judge.

Appellant properly brings forward only one assignment of error. The sole question on this appeal is whether the trial court erred in declaring void the conveyance of the Church tract from the Church to the Redevelopment Commission. At the hearing, the parties stipulated that the deed to the Markham tract should be declared void, but disputed the validity of the deed to the Church tract. In its brief, appellant argues that "[t]he decisions and opinions of the appellate Courts did not themselves invalidate the conveyance of the Church tract . . . either directly or by necessary implication."

The parties agree that the mandate of an appellate court is binding on the trial court, which must strictly adhere to its holdings. N.C. Gen. Stat. 1-298; *D. & W., Inc. v. Charlotte,* 268 N.C. 720, 152 S.E. 2d 199 (1966). Appellant argues that the trial court misperceived our opinion and the Supreme Court's affirmance thereof, contending that only the deed to the Markham tract was to be declared void. The issue, then, is the proper interpretation of our decision in the previous appeal, that is, whether the entire exchange, or merely the deed to the Markham tract, was held to be void.

Expressions contained in an appellate court decision must be interpreted in the context of the factual situation under review, or the framework of the particular case. *Insurance Co.*

*v. Insurance Co.*, 279 N.C. 240, 182 S.E. 2d 571 (1971); *Insurance Co. v. Insurance Co.*, 276 N.C. 243, 172 S.E. 2d 55 (1970); *Collins v. Simms*, 257 N.C. 1, 125 S.E. 2d 298 (1962).

Here, plaintiff originally and expressly sought to have the entire transaction — the "exchange" — declared void. Defendants resisted on the grounds that an exchange should not be subject to the statutory procedures governing sales by the Redevelopment Commission under N.C.G.S. 160-464 (now N.C.G.S. 160A-514). Until the action was remanded, none of the parties ever regarded the exchange as other than a single transaction or occurrence. To "exchange" has been defined as "[t]o part with, give, or transfer for an equivalent." Black's Law Dictionary 671 (4th ed. rev. 1968). In an exchange, specific property is given in consideration of property other than money, although one of the parties may pay a sum of money in addition to the property. *Id.* In our decision on the earlier appeal, Judge Hedrick stated:

> We hold that the *"exchange"* of property between a redevelopment commission and a "redeveloper" such as the First Baptist Church in this case, is nothing more than a "private sale" of real property ... and that such *exchange* must be in compliance with all of the requirements of G.S. § 160-464(e)(4).

39 N.C. App. at 128-29, 250 S.E. 2d at 74 (emphasis added). This Court further held that because the statutory procedures had not been followed in conveying the Markham tract, that deed was void *ab initio,* and concluded:

> We hold that the trial court erred in concluding that the *exchange* of property between the Redevelopment Commission and the First Baptist Church *"were lawful conveyances"* and that "the First Baptist Church, in any event, was a bona fide purchaser; and the provisions of G.S. 160A-522 are applicable."
>
> *With respect to plaintiff's first cause of action, the judgment is reversed and the cause is remanded* to the Superior Court of Durham County for further proceedings not inconsistent with this opinion.

39 N.C. App. at 130, 250 S.E. 2d at 75 (emphasis added).

In affirming our decision, the Supreme Court initially noted that plaintiff "instituted this action seeking to set aside an *exchange* of real property." 298 N.C. at 476, 259 S.E. 2d at 559 (emphasis added). It further noted that plaintiff sought "to void the *deeds* on grounds that the *exchange* did not comport with the statutory requirements governing transfers of land by the Redevelopment Commission." 298 N.C. at 477, 259 S.E. 2d at 560 (emphasis added). It held that the Redevelopment Commission did not comply with the applicable statutes, under which "a private 'exchange' is no different from a private 'sale' in terms of its nature and effect." 298 at 484, 259 S.E. 2d at 564.

Thus, while declaring the conveyance of the Markham tract void from its inception, this Court reversed the trial court's conclusion that the exchange, involving two conveyances, was valid. A reversal by an appellate court is a directive to the trial court to reverse its ruling. *Teague v. Oil Co.*, 232 N.C. 469, 61 S.E. 2d 345 (1950). The holding that the Markham tract deed was void *ab initio* resulted in the necessity of declaring the entire exchange void. To hold otherwise would work an injustice, as the consideration given for the Church tract was not merely money but included a specific and unique piece of property. The conveyance of the Markham property to the Church was an integral part of its agreement to convey the Church property. Where an instrument is set aside, the object of the law is to restore the parties to their original positions. *Gilbert v. West*, 211 N.C. 465, 190 S.E. 727 (1937). The grantee is entitled to recover its consideration, including its property if possible. *See Smith v. Smith*, 261 N.C. 278, 134 S.E. 2d 331 (1964); *Childress v. Trading Post*, 247 N.C. 150, 100 S.E. 2d 391 (1957).

We hold that Judge Battle's judgment on remand was consistent with the earlier appellate court decisions.

Affirmed.

Judges CLARK and ARNOLD concur.