14981

RIDGILL v. CLARENDON COUNTY *ET AL.*

(6 S. E. (2d), 766)

March, 1939.

*Mr. Charlton DuRant,* for appellant,

*Messrs. J. G. Dinkins* and *W. C. Davis,* for respondents,

December 13, 1939.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The appellant is now, and was at the times mentioned herein, the Clerk of Court for Clarendon County. His compensation was derived from the fees and costs which he collected for the work done in the office. This method of payment continued up to March 1, 1931, when the General Assembly passed an Act which placed the Clerk on a salary basis, and which salary was fixed and appropriated annually by the County Supply Bill. The Act (No. 152 of the Acts of 1931, page 212), required the Clerk to pay to the County Treasurer for the use and benefit of the county, the fees and costs collected by him. This Act continued of force up to April 20, 1935, when it was declared to be unconstitutional. During this time the amount of the fees and costs collected by appellant and paid to the County Treasurer was $17,967.48. The amount of the salary paid to the Clerk under the provisions of the said Act, during the same period, was $9,063.50.

The Act was declared to be unconstitutional, and after such declaration by this Court (see *Salley v. McCoy,* 182

S. C., 249, 189 S. E., 196), appellant brought this action to recover the amount of the fees and costs which he had paid in to the County Treasurer.

In the meantime, the Sheriff of Clarendon County had brought action to recover the fees due him, which he had paid to the County Treasurer, as directed by the same Act. In that case, the Supreme Court held that the county was entitled to off-set the claim of the Sheriff for his fees by the amount which it had paid him for salary. Hence, in this action, the appellant asked judgment only for the difference between his claim for fees and the sum of the amount paid him for salary, to wit, $6,331.73.

But the defendants claim the right to deduct from plaintiff's claim, the further amount of the sums paid for clerical services in the Clerk's office for the years involved.

The trial Judge who heard the case sustained this plea of the defendants, and allowed judgment only for the balance after deducting the amount of salary paid the Clerk and that paid his assistants.

The plaintiff moved for a new trial, upon the ground that the Court erred in deducting the amounts paid for clerical help. The motion was refused.

Plaintiff appeals upon exceptions which make a single question, which counsel in their brief state as follows: "Where a Clerk of Court, entitled to fees and costs, is deprived of same by a void statute and salary substituted, should the Court offset against the amount due him not only the salary that he has received but also the amount appropriated for clerical help in his office?"

Before the passage of the Act which required the Clerk to pay to the County Treasurer the fees and costs collected by him, and which put him on a salary, he was accustomed to employ his own help and fix the amount of their salary. The Act fixed the amount of his annual salary, and also fixed the amount to be paid his clerical help, and in the annual County Supply Bill made the appropriation for their payment.

The trial Judge, with the acquiescence of counsel, held that only questions of law were involved in the case and, hence, announced that he would decide it as a matter of law. He said: " * * * I am ready to make my decision. I think that under the *Gamble case,* clearly the amount of $4,-403.36 should be deducted from $6,331.73, for the reason that it does not appear by any evidence at all that the Clerk of Court was in any way injured, or made any complaint by this money being paid to his help. * * * "

$6,331.73 is the amount found to be due plaintiff after deducting the amount paid him for salary, and one other small claim withdrawn by him. $4,403.36 is the amount paid the clerical help. The balance between them is $1,928.37, and for this amount the Court awarded judgment for plaintiff.

The turning point in the case of *Gamble v. Clarendon County,* 188 S. C., 250, 198 S. E., 857, 858, was this: It was held that: " * * * sheriff who accepted salary with full knowledge that it was tendered in full payment for his services and led county to believe that salary payments were being accepted in full payment, was estopped to reject county's claim of offset of salary items in sheriff's action to recover fees and costs" etc. Quoting Syllabus 7.

Let it be borne in mind that in this present case, the county claims, and has been allowed to deduct from the Clerk's claim for fees and costs the full amount paid to him as salary, viz., $9,608.50, and it is now held by the judgment appealed from the remainder of what is due him for fees and costs illegally taken from him under an invalid statute, $4,403.36, not a cent of which was received by him, but which was paid to clerical help in the Clerk's office by the county itself under the authority of the Act enacted at the instance of the legislative delegation of the county.

And this action is taken on the ground that appellant is estopped to reject the county's claim.

Note the difference between the *Gamble case* and this one. Gamble received the money which the Court said he led the county to believe he accepted in full payment of his salary, and his silence thereabout estopped him to deny that he did receive it in full payment of his salary.. In the present case, the appellant has acquiesced in the county's claim to recoup itself for the money paid the plaintiff for salary, and in that he has acquiesced under the authority of the *Gamble case;* but he denies the right or the justice of the claim of the county to take from the remainder of the fund, which the law says rightfully belongs to him, the sum of $4,403.36, not a cent of which was received by him. It is sought to support the county's contention hereabout on the ground that by his silence he led the county to believe that he acquiesced in the payment by the county of the salaries of the clerical help in his office.

What obligation was on him to voice his opposition to that course of procedure, if he had any objection? What opportunity was given to protest? Was he ever questioned thereabout? Does it appear that the clerical help was dissatisfied? Does it appear that they asked his opinion? It does not appear that the representatives of the county sought his advice relative to the enactment of the Act. It is sought to argue that he misled the county by his action in presenting the vouchers for the clerical salaries and collecting them along with that for his own salary. There is not even a suggestion that any part of the salary provided for the help went to him, or that he benefited by it in the least degree. If there were foundation for such a suggestion, it is safe to say that action against the appellant would yet be taken. Until the Act was declared invalid all parties were bound by it. It fixed the salaries of the help and by each annual supply Bill directed the payment of them. How was it incumbent. on appellant, by word or action, to express any opinion on the subject? We are unable to see how the county could reasonably infer that he acquiesced in that method of payment. But if they did so deduce an inference, we are unable

to see how that can justify them in taking away from his fees the sum of the amounts paid his help by the express provision of the Act, and in the manner prescribed by the Act. To whom would he have to express his disapproval of the plan, even if he had any? How has the county been damaged by his silence?

Estoppel by silence is thus defined in 21 C. J., 1061: "'Estoppel by Silence' arises where a person who by force of circumstances is under a duty to another to speak refrains from doing so and thereby leads the other to believe in the existence of a state of facts in reliance upon which he acts to his prejudice."

What could, or should, the appellant have done or said which could have, or would have, led the county and its representatives to alter its course? Would they have repealed the Act? Would they have left it to the Clerk to employ his help and fix their salaries to be paid by the county? Clearly they never intended the Clerk to pay them. However commendable was the motive of the Legislature in the enactment of the Act of March 1, 1931, if it proved to be an unfortunate mistake and loss came to the county, it must be borne by the county. The appellant had no part in bringing about this situation. If the county has lost money by its invalid act, it ought not to seek to lay the burden on the appellant. But for the passage of the invalid Act, it may be that he would have gone on receiving compensation from the collection of fees and costs, and it may be, employing clerical help, or receiving help from members of his family, and thereby saving money.

It appears to us that the county has little ground for the complaint that appellant is seeking to claim money at the expense of the county. It has already received about $9,000-.00 from his fund of fees to replace all it paid him.

Mr. Justice Baker, in the *Gamble case,* used the following language: "We are not here dealing with the q u e s t i o n whether, by accepting the salary, he is estopped to claim the fees. On the contrary we admit his right to the fees. But

having caused the county to pay him an annual salary in the belief that he was accepting the same in full settlement, this salary should at least be credited against his fee claims by way of offset   *   *   *."

The appellant has accepted and acted upon that declaration of this Court, and the sum paid him as salary has been offset against the fees admittedly due appellant.

The very language quoted is inseparable from the conclusion that it is predicated upon the fact that in the *Gamble case* the claimant had received the money, which he was required to restore to the County. Whereas, in the present case, the appellant has not received a dime of the money now sought to be deducted from the sum to which it is admitted that he is entitled. Nor does the evidence point to a single word or action on his part which has caused the county to lose this money. He is in no sense responsible for the Act under which the county paid the clerical help in the appellant's office.

The judgment is reversed, with direction to enter judgment for the appellant in the sum of Six Thousand Three Hundred Thirty-one and 73/100 ($6,331.73) Dollars in lieu of the judgment for One Thousand Nine Hundred Twenty-eight and 37/100 ($1,928.37) dollars awarded by the Circuit Court.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BAKER and FISHBURNE concur.