S. E. WILSON v. G. GAY McCLENNY, D. F. McDAVID, WALTER G. MASON AND WILLIAM M. McCLENNY.

(Filed 3 February, 1967.)

1. **Appeal and Error § 60—**

Decision on appeal becomes the law of the case, controlling in all subsequent proceedings, and when such decision holds that only one defense was available to defendants, the decision is the law of the case as then constituted by the pleadings; however, if defendants, after the decision, are allowed to amend their answer, and such amendment states another affirmative defense, the former decision does not preclude such further defense.

2. **Pleadings § 25—**

The trial judge in term, in his discretion, may allow amendments.

3. **Master and Servant § 10; Corporations § 3— Alcoholism and mismanagement of corporate funds are separate defenses excusing breach of agreement to elect plaintiff president of corporation for five year term.**

Plaintiff declared on a written contract under which defendants agreed to vote their stock and use their influence to have plaintiff elected president of a corporation for a period of five years, alleging defendants' wrongful breach of the agreement. Defendants alleged that they breached the agreement because plaintiff's alcoholism and plaintiff's mismanagement of the corporate funds rendered plaintiff unfit to hold the position of president, and filed a bill of particulars specifying expenditures made by plaintiff of the corporate funds in alleged unauthorized rebates or commissions in excess of that allowed by law. *Held:* Defendants have alleged separate and independent defenses, and therefore an instruction that if the jury answered in the negative the issue as to whether plaintiff's alcoholism justified the breach of the agreement, the jury should answer the issue of whether defendants wrongfully breached their contract in the affirmative, must be held for prejudicial error as amounting to a peremptory instruction withdrawing from the jury defendants' defense of mismanagement of corporate funds on the part of plaintiff. As to whether defendants, stockholders, would be estopped to raise the issue of mismanagement by their acquiescence in the acts of mismanagement relied on, *quaere?*

**4. Trial § 40—**

In the absence of waiver, the court must submit such issues as are raised by the pleadings and supported by law, including new matter alleged in the answer.

APPEAL by defendants from *Bone, E.J.,* June 13, 1966 Special Civil Session, NASH Superior Court.

The defendant Mason listed in the caption was not served and has never appeared in the case.

The plaintiff instituted this civil action on May 15, 1961. His complaint joined two causes of action. In the first he alleged a breach of a written contract. In the second he alleged a tortious interference with another separate and distinct contract. The parties made many motions which resulted in orders to strike and to amend.

Trial on the merits at the September Term, 1963, resulted in a judgment of involuntary nonsuit as to both causes of action. On appeal, this Court reversed the judgment as to the first cause and affirmed the nonsuit as to the second. The opinion of this Court was filed June 12, 1964, and the case remanded to the Superior Court for trial on the first cause of action.

On October 26, 1965, the defendants moved to amend their fourth further defense. Judge Bundy signed an order permitting the amendment. At the same time the Judge ordered the defendants to furnish the plaintiff a bill of particulars setting forth "each instance of improper expenditures and insurance company practices on which they rely." The defendants filed a bill of particulars alleging that the plaintiff issued 11 checks totaling $6,569.59 on the company's account, giving date, amount, and payee of each. The concluding paragraph of the bill of particulars is here quoted:

"13.  That on each of the occasions set out above the plaintiff, S. E. Wilson, made, or caused to be made, expenditures which had not been authorized by the Board of Directors of Gateway Life Insurance Company and which were not necessary to the operation of the home office of Gateway Life Insurance Company, and which were expenditures, as these defendants are advised and informed, and upon such information allege, that were made to individuals or corporations as unauthorized rebates or commissions in excess of that which is allowed by law and proper insurance practices."

The plaintiff filed a long reply to the defendants' fourth further defense in which he alleged all the expenditures made and the practices followed were known to, acquiesced in, and in some instances actually initiated by the defendants who, by their participation

are estopped to object. The defendants' motion to strike was overruled, except to immaterial matters.

The fourth further defense at the time of trial is here quoted:

"That the plaintiff held himself out to the defendants as a capable, experienced insurance person, who was sober, industrious and who could attract business to the proposed life insurance company; that these facts given by the plaintiff were false and proved to be false; that the true facts concerning the plaintiff were not known to the defendants until a later date; that he failed to have insurance policies ready for use when the charter was granted and Gateway Life Insurance Company had no policies to use for several months after the charter was granted; that because the plaintiff was derelict in his duty, the Gateway Life Insurance Company nearly lost its license to do business in the State of Virginia; that instead of being a sober person, it developed that the plaintiff was addicted to the use of alcohol; that the defendants and other directors of Gateway Life Insurance Company tried to overlook these matters until it became obvious that the plaintiff was an alcoholic; that the plaintiff made a public spectacle of himself by his uncontrolled use of alcohol and he was admitted to a North Carolina institution for alcoholism; that the plaintiff neglected his duties as president of Gateway Life Insurance Company and permitted improper expenditures and insurance company practices and attempted to place his brother in charge of matters when he did not have sufficient knowledge of the operation of an insurance company to carry out the duties imposed on the President.

"2. That because of the conduct of the plaintiff, his inability and his neglect of his duties as President of the Gateway Life Insurance Company, the insurance company was not being properly operated; that it was necessary that the plaintiff be not re-elected to his position as President for the welfare of Gateway Life Insurance; that the stockholders of the company failed to re-elect the plaintiff as a director or as President of the meeting of the stockholders and Board of Directors at the meeting of April 10, 1961, solely because of his misconduct, inability and actions of the plaintiff."

The plaintiff offered evidence tending to support the material allegations of the complaint and of his reply to the fourth further defense as amended. At the conclusion of his evidence, each of the three defendants entered a separate motion for judgment of involuntary nonsuit. The motions were denied.

The defendants introduced evidence tending to support the material allegations of fact remaining in their pleadings. At the conclusion they renewed the motions to dismiss, which were again denied. The defendants tendered issues which the court refused to submit, but they did not enter exception to the refusal. The court prepared and submitted these issues:

"1. Did defendants enter into a written contract with plaintiff on or about November 21, 1958, as alleged in the complaint?"

The jury, on the court's peremptory instruction, answered the issue, Yes.

"2. Did the plaintiff drink alcoholic beverages to such an extent that it interfered with the proper discharge of his duties as a director and president of Gateway Life Insurance Company so as to justify the defendants in not performing the contract as alleged in the answer?"

The jury answered the issue, No.

"3. Did the defendants wrongfully breach their contract as alleged in the complaint?"

Answer: Yes.

"4. What damages, if any, is the plaintiff entitled to recover of the defendants?"

Answer: $30,166.00.

From a judgment in accordance with the verdict, the defendants appealed.

*Battle, Winslow, Merrell, Scott & Wiley by Robert M. Wiley for plaintiff appellee.*

*Bridgers, Horton & Britt and Dill & Fountain by Thomas G. Dill for defendant appellants.*

HIGGINS, J. The pleadings before the Court at the first trial are carefully analyzed and the evidence thereon reviewed in detail by Justice Sharp on the first appeal. *Wilson v. McClenny,* 262 N.C. 121, 136 S.E. 2d 569. With respect to the questions therein answered, that opinion is the law of the case.

The former decision established the paper writing dated November 21, 1958, as the valid contract of the parties. A copy was attached to the complaint and the original was introduced in evidence, and its due execution was admitted. Judge Bone, therefore, correctly instructed the jury to answer the first issue, Yes. Likewise, the former opinion holds as a matter of law that further defenses 1, 2, and 3 set up in the defendants' answer are not sufficient to invalidate the contract nor

to relieve the defendants of responsibility under it. Hence, only the fourth further defense was available to the defendants.

Our former decision correctly holds, "If the defendants are to be released from their obligations under the agreement they must establish their fourth defense, i. e., that the plaintiff failed to perform his duties as president because of alcoholism." On the basis of this holding, Judge Bone submitted issue No. 2. However, after the case was remanded to the Superior Court for a new trial on the first cause of action, and before the second trial, Judge Bundy, in his discretion, allowed the defendants to amend their fourth further defense. The Judge in term, in his discretion, may allow amendments. *Chappell v. Winslow*, 258 N.C. 617, 129 S.E. 2d 101. The amended version is quoted in the statement of facts.

At the time of the amendment, on plaintiff's motion, the court ordered the defendants to file a bill of particulars. With this order they complied, alleging, among other things, that plaintiff as president had paid more than $6,000.00 of company funds "to individuals or corporations as unauthorized rebates or commissions in excess of that which is allowed by law and proper insurance practices." The bill of particulars gives the date, the amount, the payee of each check, and sometimes the account for which it purported to be in payment. Some of these checks were marked for furniture and office equipment. No such account appears to have been set up on the books; and no such equipment was present or listed in the company's supplies. The defendants charged that the plaintiff used these company funds for unlawful rebates and not for furniture and equipment.

By reply, the plaintiff alleged the defendants knew about the rebates and the giving of company checks to pay them; and that they participated in, and in some instances initiated the payments. He pleaded this knowledge and participation as an estoppel and as a bar to the defendants' right to assert them as acts of justification for the breach of their contract to vote for him as president.

If the jury should find the plaintiff was guilty of such mismanagement of the company business as disqualified him to discharge the duties of President, the finding would absolve them of liability under their contract even though the acts of mismanagement were committed while the plaintiff was sober.

From the foregoing it seems clear that the amended fourth further defense alleges mismanagement in addition to the excessive use of alcohol as a bar to the plaintiff's right to recover. At first blush, it appears this additional charge of mismanagement is embraced in the third issue which the Judge submitted. However, Judge Bone instructed the jury as follows: "So I charge you that if you answer the second issue, Yes, then you should answer the third issue, No. But if you have

answered the second issue, No, then you would answer the third issue, Yes."

The foregoing is equivalent to a peremptory instruction to decide both issues on the finding with respect to the plaintiff's excessive use of alcohol. When the jurors answered the first issue No, the instruction compelled them to answer the third issue, Yes. Mismanagement sufficient to warrant discharge or the refusal to re-employ would be a good defense regardless of the use of alcohol.

We are doubtful whether the plea of estoppel raised by the plaintiff's reply is good. The plaintiff and the three defendants were not the only stockholders of the company. All had a duty to the other stockholders, to the company's creditors, and to its policy holders to see to it that the company was not mismanaged. Any participation in mismanagement would be a breach of trust. Perhaps neither the defendants' knowledge nor even their participation in the mismanagement would compel them to vote for one whose conduct rendered him disqualified. These are matters to be considered by the court when the evidence is in and the issues are to be determined.

We are submitting these views for the consideration of the trial judge in determining the issues at the next trial. The court will submit such issues as are raised by the pleadings and supported by the law and the evidence. G.S. 1-200; *Carland v. Allison,* 221 N.C. 120, 19 S.E. 2d 245; *King v. Coley,* 229 N.C. 258, 49 S.E. 2d 648; *Wheeler v. Wheeler,* 239 N.C. 646, 80 S.E. 2d 755. All material issues must be tried unless waived, and it is error not to try them. *Porter v. R. R.,* 97 N.C. 66, 2 S.E. 581. The rule applies to new matter alleged in the answer. *Griffin v. Ins. Co.,* 225 N.C. 684, 36 S.E. 2d 225.

The court's charge that issue No. 3 should be answered, Yes, if the jury answered issue No. 2, No, was error in that it took away from the defendants their charge of mismanagement raised by their amended fourth further defense.

This case was first tried in September, 1963, and again in June, 1966. Between these two dates a mistrial was ordered in the Superior Court. We regret the necessity of returning the case for another trial; however, the peremptory instruction took from the defendants their defense of mismanagement and the violation of proper insurance practices alleged in the amended fourth further defense. Such mismanagement may be found to be a complete defense even if the plaintiff was always sober. For this error, we order a

New trial.