## 20975

Joyce SNELL and the Huguenin Company, Appellants, v. Marion PARLETTE d/b/a Marion Parlette Company, Respondent.

(256 S. E. (2d) 410)

*Stuart G. Anderson, Jr.,* and *Charles W. Marchbanks,* Greenville, *for appellants.*

*Robert M. Ariail,* Greenville, *for respondent.*

June 5, 1979.

GREGORY, Justice.

This is a dispute between two real estate agencies over the division of a real estate commission. The lower court held that respondent Marion Parlette d/b/a Marion Parlette Company was entitled to 11/12 of the commission and that appellants Joyce Snell and The Huguenin Company were entitled to 1/12 of the commission. We affirm.

Broadus Durant, Sr. died in Greenville on September 10, 1965, leaving as part of his estate a tract of land that is the subject of this action. By order of the circuit court dated

November 7, 1967 the twelve heirs of Broadus Durant, Sr. were named, and the widow of Broadus Durant, Sr., Nancy Durant, was directed to sell the property within a reasonable time and divide the proceeds among the twelve heirs. Nancy Durant is not one of the twelve named heirs.

On April 29, 1976, appellant Joyce Snell, a real estate agent for appellant The Huguenin Company, obtained an exclusive listing for the Durant property. The listing was signed by Joyce Snell, Nancy Durant, Myrtice Durant Thomason and Broadus Durant, Jr. Myrtice Durant Thomason and Broadus Durant, Jr. are the only heirs of Broadus Durant, Sr. who reside in this State. This exclusive listing expired on October 26, 1976 and its validity is not at issue.

On October 12, 1976 Myrtice Durant Thomason and Broadus Durant, Jr. executed an extension of the exclusive listing agreement through April 26, 1977. Nancy Durant did not sign the extension although she was present when it was executed.

Thereafter, on or about March 25, 1977 respondent Marion Parlette d/b/a Marion Parlette Company located a purchaser for the Durant property. Parlette prepared a contract of sale and presented it to The Huguenin Company to obtain the signatures of the twelve heirs. Before the contract of sale was executed by the heirs, The Huguenin Company modified the contract so as to require the twelve heirs to pay a commission of ten percent "to Joyce Snell and/or Marion Parlette, Realtor." A dispute subsequently arose between the realtors over the division of the commission and this action was initiated by appellants.

The matter came before Judge Eppes without a jury on stipulations, exhibits and depositions. It was agreed that appellants would be entitled to one-half the commission under Rule No. 15 of the Rules and Regulations of Professional Practice of the Greenville Board of Realtors as a listing broker if at the time of the sale appellants held a valid

exclusive listing for the property. It is undisputed that appellants' only claim to a portion of the commission is its claim under Rule No. 15 of the Greenville Board of Realtors; and it is further undisputed that this claim cannot exceed one-half the commission.

Since appellants initiated this action, the burden was upon them to establish their claim under Rule No. 15 by a preponderance of the evidence. Thus, the central question at trial was whether appellants established that they held a valid exclusive listing for the property at the time of sale.

The only listing held by appellants at the time of the sale was the extension listing signed by Myrtice Durant Thomason and Broadus Durant, Jr. Appellants contended at trial, however, that this listing was binding on Nancy Durant and all twelve heirs. Appellants argued that Nancy Durant acquiesced in the extension listing agreement even though she did not sign it, and that Myrtice Durant Thomason possessed the requisite authority to sign the extension listing agreement for the ten nonresident heirs.

The only evidence introduced by appellants to establish these contentions were the stipulations of testimony of appellant Snell and Myrtice Durant Thomason. Ms. Snell's stipulation of testimony contains the following statement:

That during the tenure of the original listing, Snell talked with all members of the Durant family and owners of the property involved about the listing and on every occasion all members of the family acquiesced in the handling of the business affairs of the family by Myrtice Thomason; that due to the age of Nancy Durant and her physical and mental condition, the majority of all dealings with her were through Myrtice Thomason.

That on October 12, 1976, an extension agreement of the original listing was executed by Myrtice D. Thomason and Broadus Durant, Jr., in the presence of and with the acqui-

escence and consent of Nancy Durant and with the acqui-
escence and consent of other owners of the property; that
the extension agreement was attached to the original listing
and further efforts were made by Joyce Snell and The
Huguenin Company to market the properties involved. On
October 12, 1976, Nancy Durant signed another extension
agreement on adjacent property not involved in this action.

The stipulation of testimony of Myrtice Durant Thoma-
son contains the following statement:

That on or about October 12, 1976, an extension agree-
ment was signed by Myrtice Thomason and Broadus Durant
extending the initial listing until April 26, 1977. That the
extension was executed at Nancy Durant's home and in
Nancy Durant's presence and that Nancy Durant acquiesced
in said extension; that the majority, if not all, of the remain-
ing owners of the property were contacted by telephone and
acquiesced in the extension of the listing. That Defendants
deny that Nancy Durant acquiesced in the extension.

The lower court found as a fact (1) that the extension
listing agreement was not binding on Nancy Durant be-
cause she did not sign it; and (2) that the extension listing
agreement was not binding on the ten nonresident heirs be-
cause Myrtice Durant Thomason was not authorized to sign
the extension listing agreement for them. Appellants chal-
lenge each of these findings on appeal.

The lower court further found that appellants did have a
valid exclusive listing agreement for the Durant property
to the extent of the interest owned by Myrtice Durant
Thomason and Broadus Durant, Jr. Thus, the lower court
found that appellants possessed a valid exclusive listing
agreement for 2/12 of the Durant Property. The lower
court applied Rule No. 15 to this finding and awarded ap-
pellants one half of the portion of the commission attributa-
ble to the 2/12 of the property owned by Myrtice Durant
Thomason and Broadus Durant, Jr. The balance of the com-
mission was awarded to respondent as the selling broker.

As this is an action at law tried by the judge without a jury, the findings of fact by the trial judge have the force and effect of a jury verdict and are conclusive on appeal unless they are found to be without evidentiary support, or are controlled by an error of law. We may review the evidence, not to determine the preponderance thereof, but to determine whether there is any evidence that reasonably supports the factual findings by the judge. We are not at liberty to decide the appeal on the basis of our view of the preponderance of the evidence. *Townes Assoc. Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976).

First, appellants argue that Nancy Durant's signature on the extension listing agreement was unnecessary because she in fact consented to the extension listing agreement through her "acquiescence" in the agreement.

It is uncontroverted that Nancy Durant was present when the extension listing agreement was executed, but did not sign it. It is further uncontroverted that on the same day Nancy Durant did sign an extension listing agreement on other property not involved in this action. Appellants did not introduce any testimony of Nancy Durant to explain why she did not sign the extension listing agreement in question but did sign another extension listing. Based on the failure of appellants to establish by a preponderance of the evidence that Nancy Durant consented to the extension even though she did not sign it, the lower court found as a fact that Nancy Durant was not bound on the extension listing agreement. As the lower court's finding on this point is within the evidence and is not controlled by an error of law, it must be affirmed.

Next, appellants argue that Myrtice Durant Thomason had the authority to sign the extension listing agreement for the ten nonresident heirs. The testimony of appellant Snell to this effect is obviously hearsay and is not entitled to any weight. The testimony of Myrtice

Durant Thomason that she was acting as the agent of her ten nonresident relatives is entitled to some weight, but is insufficient without more to establish an agency relationship. *Fuller v. Eastern Fire & Casualty Insurance Co.,* 240 S. C. 75, 124 S. E. (2d) 602 (1962). Considered in the light most favorable to appellant, the evidence introduced at trial created a question of fact as to Myrtice Durant Thomason's status as the agent of her relatives. The trial judge, as the finder of fact, found that appellants failed to establish agency. Since this finding is within the evidence and is not controlled by any error of law, it, too, must be affirmed.

Finally, appellants argue the lower court erred by refusing to find that respondent was estopped to deny that appellant held a valid exclusive listing agreement. This exception is without merit and is dismissed under Rule 23 of our Rules of Practice.

Accordingly, the order of the lower court is affirmed.

RHODES, J., and JOSEPH R. MOSS, Acting Associate Justice, concur.

LEWIS, C. J., and LITTLEJOHN, J., dissent.

LITTLEJOHN, Justice (dissenting) :

I respectfully dissent and would reverse the order of the lower court. The following facts are either admitted, undisputed, or established by the clear preponderance of the evidence to the exclusion of all other reasonable inferences, and require a reversal as a matter of law :

1. The plaintiff had a binding contract to sell the subject realty for the 12 owners.

2. It was signed by Myrtice D. Thomason and Broadus Durant, Jr., two of the 12 owners of the property, and by Nancy Durant, who served as administratrix of the estate of her husband, Broadus Durant, Sr.

3. Before the contract to sell expired, Myrtice Thomason and Broadus Durant, Jr. signed an extension. Nancy Du-

rant, who was aging, was present at the time of the signing and acquiesced in the agreement.

4. That the extension was binding is not disputed by the parties to the contract.

5. When the defendant attempted to sell the property, the owners' agents refused to negotiate.

6. The defendant recognized the existence of the contract and asked the plaintiff to procure the signatures of the owners so that the sale could be made.

7. The plaintiff changed the terms of the contract in two respects:

(a) provided for temporary occupancy after the deed was signed, and

(b) added itself as payee, along with the defendant, as relates to the commission.

8. The defendant took the amended contract and completed the sale.

Broadus Durant, Jr. and Myrtice D. Thomason were the only two owners residing in South Carolina. It is inescapable that they acted for the other owners, most of whom were in Pennsylvania, and the fact that the contract was consummated establishes conclusively that they were agents for all of the owners.

Myrtice D. Thomason was in a position to know more about the transaction than all of the witnesses who testified or stipulated for the defendant. She stated:

"That on or about October 12, 1976, an extension agreement was signed by Myrtice Thomason and Broadus Durant extending the initial listing until April 26, 1977. That the extension was executed at Nancy Durant's home and in Nancy Durant's presence and that Nancy Durant acquiesced in said extension; that the majority, if not all, of the remaining owners of the property were contacted by telephone and acquiesced in the extension of the listing. . . .

"That . . . a contract for purchase was presented by Marion Parlette to Nancy Durant in the presence of Myrtice Thomason; that Marion Parlette was told to present the contract through Joyce Snell and The Huguenin Company; that thereafter the same contract was presented by a friend of the Durant family, Richard Carson.

"That thereafter the same contract was presented by Joyce Snell of The Huguenin Company, amendments were made to the contract, and all owners contacted by Joyce Snell and/or Myrtice Thomason and advised of the offer. That after the contract was amended, signatures of all of the owners were obtained through the efforts of Joyce Snell and The Huguenin Company, and the contract was returned, executed by all owners, to Joyce Snell."

The fact that the defendant denies that Nancy Durant acquiesced in the extension is of no probative value.

In my view the extension was valid and binding. All parties, including the defendant, have recognized its validity and governed themselves accordingly.

While it is unnecessary to reach the estoppel issue in order to reverse, in my view the law of estoppel is definitely applicable and should exclude the defendant from recovering more than half of the commission.

I would reverse.

LEWIS, C. J., concurs.