### 2061

Margaret H. BIVENS, Appellant v. John R. WATKINS, Clyde M. Dangerfield, Jr., and Joseph H. Bivens, of whom John R. Watkins is, Respondent.

(437 S.E. (2d) 132)

Court of Appeals

*Fred Thompson, III,* of *Scardato & Thompson,* and *Walter Bilbro, Jr.,* of *Bilbro & Associates,* Charleston, *for appellant.*

*John R. Watkins, pro se.*

Submitted June 7, 1993.

Decided August 9, 1993.

CURETON, Judge:

Margaret Bivens and the defendants organized and operated a moving and storage business. The business failed and she sued her associates on several causes of action.[1] In a bench trial, the trial court found Mrs. Bivens did not have standing to sue because she sought only to recover for corporate losses. Further, the court found she had not proven any of her causes of action. Mrs Bivens appeals.[2] We affirm in part, reverse in part, and remand.

The issues raised in this appeal are whether the court erred in finding: (1) Mrs. Bivens could not maintain her causes of action because she had no injury separate from the other shareholders of the corporation; and (2) regardless of her lack of standing, she did not prove any of her causes of action.

On appeal, Mrs. Bivens argues she is entitled to damages on her breach of fiduciary duty, negligent misrepresentation, fraud, and conspiracy causes of action. These are all actions of law.[3] Our standard of review of a law case tried by a court sitting without a jury is to search the record for errors of law and to determine if there is any factual basis to support the findings of the trial court. *Snell v. Parlette,* 273 S.C. 317, 322, 256 S.E. (2d) 410, 412 (1979).

---

[1] Although named as a defendant in her complaint, Joseph H. Bivens is the appellant's husband and not truly an adverse party.

[2] Mrs. Bivens's brief discloses that she has settled with defendant Dangerfield. Watkins, the only respondent, did not file a brief.

[3] We note that breach of fiduciary duty may sound in equity if the relief sought is equitable.

## FACTUAL BACKGROUND

Mr. Bivens's company had been in the moving and storage business in Charleston for about twenty years. In 1987, Mr. Bivens began looking for capital to assist his business. He approached Clyde M. Dangerfield, Jr. about investing in his company and introduced Dangerfield to Joseph R. Watkins, who had experience in the moving and storage business.

After some negotiations, the three agreed to start a new business. Watkins and Dangerfield would each invest $25,000 and Bivens would lease his building and other business assets to it. As finally completed, Mrs. Bivens acquired title to her husband's business assets and leased them to the new business. Dangerfield bought some trucks from a failed business in Florida and leased them to the new business as well.

In July 1987, the new business began under the name "A–Professional Moving & Storage of Charleston, Inc.," with Watkins having primary control and responsibility for operations and finances. At that time, Watkins was already half-owner of a moving company operating out of Greenville under the name "An Professional Moving & Storage, Inc."

A–Professional of Charleston ran into cash flow problems within a few months. The company decided to apply for a loan pending payment to it of substantial receivables. In order to qualify for a loan, the corporation needed more assets. Dangerfield and Mrs. Bivens agreed to transfer to the company the assets which they had previously leased to it.

The company applied for and received a $250,000 loan. Although representations were made to the bank during the application process concerning the intended use of the loan proceeds, the actual disbursement of these proceeds was contrary to the representations. Within a month, the money was gone and the business was still in trouble. Eventually, the business failed. Mrs. Bivens lost her investment in the company and suffered a judgment against her for $147,000 on her guaranty of the loan.

Mrs. Bivens sued Watkins and Dangerfield for breach of fiduciary duty, negligent misrepresentation, fraud, unfair trade practices, violation of the Uniform Securities Act, an accounting of "partnership" and corporate assets, conspiracy, rescission, and restitution. As noted above, only the breach of

fiduciary duty, negligent misrepresentation, fraud, and conspiracy causes of action are involved in this appeal.

## STANDING TO SUE

The court found that Mrs. Bivens could not maintain her lawsuit because the damages she claimed were injuries to the corporation, not to her personally, and she suffered no injury separate from her status as a stockholder.

We find Mrs. Bivens has standing to assert some of the causes of action alleged in her complaint, particularly the fraud and negligent misrepresentation causes of action. Mrs. Bivens asserts that the actions of Dangerfield and Watkins, as individuals, induced her to invest in and surrender her assets to the new business. Injuries emanating from such an inducement are different from injuries arising from any actions these individuals may have taken as officers, directors, and managers of the new corporation in dissipating or wasting its assets. In that regard, Mrs. Bivens's alleged injury is separate and distinct from the corporation. *See Hite v. Thomas & Howard Co. of Florence*, 305 S.C. 358, 361, 409 S.E. (2d) 340, 342, (1991); *Ward v. Griffin*, 295 S.C. 219, 221, 367 S.E. (2d) 703, 703-04 (Ct. App. 1988). We therefore reverse the trial court on this issue.

## BREACH OF FIDUCIARY DUTY

Mrs. Bivens alleges Watkins owed her a fiduciary duty in three relationships: as a de facto partner,[4] as a promoter, and as majority shareholder. The court found any fiduciary relationship between Watkins and Mrs. Bivens had to arise from her status as a fellow shareholder.

The court further found that while the parties had not observed corporate formalities, they had conducted themselves according to a shareholders' agreement signed in November 1987. Moreover, although the parties may have referred to themselves as partners, the court found this " loose characterization" insufficient to overcome the presumption of a corporation established by its charter.

---

[4] We note as a practical matter it makes no difference whether Mrs. Bivens characterizes her relationship with Watkins as a partner or promoter. The governing principles are the same. *See* 18 Am. Jur. (2d) *Corporations* § 143 (1985).

The court also found the corporation was formed by agreement of Mr. Bivens, Watkins, and Dangerfield, and that Watkins and Dangerfield were not promoters of the corporation. We disagree. The relative positions of the parties in this case are essentially the same as the parties in *Duncan v. Brookview House, Inc.*, 262 S.C. 449, 205 S.E. (2d) 707 (1974). There, the court found three persons who agreed to incorporate and own a corporation were promoters[5] and stated they occupied "a relation of trust and confidence towards the corporation which they [were] calling into existence as well as to was each other. . . ." *Id.* at 456, 205 S.E. (2d) at 710; *accord Wilson v. McClenny*, 262 N.C. 121, 136 S.E. (2d) 569, 575 (1964), *appeal after remand*, 269 N.C. 399, 152 S.E. (2d) 529 (1967). We reverse the trial court's finding on this issue and hold there was a confidential relationship between Watkins and Mrs Bivens. As a promoter, Watkins owed Mrs. Bivens a duty to act in good faith and with due regard for her investment in the corporation.

Having found that Watkins owed Mrs. Bivens a duty to act in good faith and with due regard to her interest in the formation and start-up of the corporation, we need not discuss her other bases for imposition of a fiduciary relationship. However, we will affirm the trial court if there is no evidence of a breach of that relationship. Mrs. Bivens asserts that because of their actions, Watkins and Dangerfield gained control of her assets during the organizational stage of the corporation and utilized these assets for their own benefit. Our review of the evidence reveals that although the corporation was never fully organized, most of its assets were dissipated. We find overwhelming evidence that Watkins breached his duties of good faith and fair dealing in the management of Mrs. Bivens's assets, which were transferred to the new business for the sole purpose of making it financially viable. We, therefore, reverse the trial court on its finding that there was no fiduciary relationship between Mrs. Bivens and Watkins, and remand this cause of action to the trial court for reconsideration.

---

[5] *See* 34 Words & Phrases *Promoter* 558 (1957). Generally, however, persons who plan or organize a corporation are "promoters." *Hinkley v. Sac Oil & Pipe Line Co.*, 132 Iowa 396, 107 N.W. 629, 631 (1906).

## NEGLIGENT MISREPRESENTATION AND FRAUD

The trial court addressed the negligent misrepresentation claim as to Dangerfield but not as to Watkins. Mrs. Bivens filed a posttrial motion but did not raise this issue. Where an issue was neither ruled on by the trial court nor raised in a posttrial motion, the issue is not properly before this court. *SSI Medical Servs., Inc. v. Cox,* 301 S.C. 493, 499, 392 S.E. (2d) 789, 793 (1990).

Concerning the fraud cause of action, the court did not specifically address the claim against Watkins. Mrs. Bivens contends that because of the relationship between her and Watkins, his failure to disclose facts known to him, which could not have been discovered by her, constitutes "fraudulent misrepresentation." The court found Mr. Bivens was the agent for Mrs. Bivens in her dealings with Watkins. The court further found that while Mrs. Bivens took no active part in the corporation, she was advised by her husband of all actions taken. It concluded:

> I find that inasmuch as the representation[s] that [Mrs. Bivens] relied upon were based upon the representations made to her by her husband, Joseph Bivens, it is impossible to discern upon which representations she relied. That is, did she rely upon representations made directly to her by her husband, her agent, or did she rely upon representations allegedly made to her husband by the Defendant Dangerfield, and repeated to her? As a result of the inability to discern upon which exactly she relied, I must find that her cause[s] of action for negligent misrepresentation and fraud must fail as not having been proved by the preponderance of the evidence.

Mr. and Mrs. Bivens disclaimed any agency, but there is abundant evidence Mr. Bivens was the agent of Mrs. Bivens. Mrs. Bivens asserts that should this court find Mr. Bivens was her agent, the trial court nonetheless erred in failing to find Watkins misrepresented facts to her agent and/or concealed facts from her agent. Mrs. Bivens's analysis overlooks the

court's finding that Mr. Bivens was on the premises every day and was aware of how the business was being conducted. This finding undercuts the reliance and causation components of any cause of action based on misrepresentation and fraudulent concealment. *See M.B. Kahn Constr. Co. v. South Carolina Nat'l Bank of Charleston*, 275 S.C. 381, 384, 271 S.E. (2d) 414, 415 (1980); *Starkey v. Bell*, 281 S.C. 308, 312, 315 S.E. (2d) 153, 155 (Ct. App. 1984). The judging of the credibility of witnesses and the weighing of evidence in a law case are uniquely functions of the trial court, not this Court. We sustain its findings as supported by *some* evidence.

## CONSPIRACY

Mrs. Bivens argues that Watkins and Dangerfield conspired to acquire her assets for the business and exclude her from the business.

A civil conspiracy consists of three elements: (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, (3) which causes her special damage. *Lee v. Chesterfield Gen. Hosp., Inc.*, 289 S.C. 6, 10, 344 S.E. (2d) 379, 382 (Ct. App. 1986). The trial court ruled that there is a "complete lack of evidence to establish that the purpose of the business of the parties was anything other than profit motivated, and not meant to deprive [Mrs. Bivens] of her property." Because our review of the record supports this ruling, we concur with the trial court's finding that Mrs. Bivens did not prove the first two elements of a civil conspiracy. *Id.* at 13, 344 S.E. (2d) at 383.

## CONCLUSION

We reverse and remand only the breach of fiduciary duty cause of action for a new trial. As to the other causes of action, we affirm the trial court.

Affirmed in part, reversed in part, and remanded.

SHAW and GOOLSBY, JJ., concur.