23934

Carrie MAYES, as Guardian and Conservator of Willie Mayes, Jr., NCM, Respondent v. Jeffrey David PAXTON, Appellant.

(437 S.E. (2d) 66)

Supreme Court

*George K. Lyall* and *Denise C. Yarborough,* both of *Nelson, Mullins, Riley and Scarborough,* Columbia, and *Wallace A. Muulinax, Jr.,* of *Horton, Drawdy, Ward and Johnson, P.A.,* Greenville, *for appellant.*

*Cecil H. Nelson, Jr.* and *William A. Jordan,* both of *Wilkins and Nelson,* Greenville, *for respondent.*

Submitted, April 20, 1993.

Decided, Sept. 20, 1993.

HARWELL, Chief Justice:

Appellant Jeffrey David Paxton (Paxton) alleges that the trial judge erred in striking two defenses from his answer and

in granting partial summary judgment to respondent Carrie Mayes. We disagree and affirm.

## I. FACTS

On September 1, 1990, Paxton made an illegal left turn and collided with an oncoming motorcycle operated by Willie Mayes, Jr. (Mayes). Mayes, who was not wearing a helmet, suffered serious and permanent injuries in the crash. Mayes' mother retained the Wilkins and Nelson law firm and on September 14, Cecil H. Nelson, Jr. (Nelson), an attorney of the firm, contacted Paxton's insurance carrier to begin negotiating a settlement. By that time, Mayes' medical expenses of $38,620 exceeded Paxton's minimum limits coverage.

In October and again in November, Paxton's insurer requested Mayes' narrative hospital record "so that we may begin evaluating and working toward a conclusion of this possible BI claim." Nelson took the position that reproducing Mayes' "mammoth" hospital record was not necessary to effect a settlement given that liability was clear and that Mayes' injuries unquestionably were caused by the collision. On December 20, two days after Paxton's insurer accepted a medical authorization in lieu of Mayes' voluminous hospital record, Nelson communicated a written settlement demand that Paxton's insurance adjuster which stated that suit would be filed if settlement proceeds were not received on or before December 27, 1990. The morning of December 21, a claims representative employed by Paxton's insurer, aware that Mayes' medical expenses exceeded Paxton's policy limits, informed Nelson that the insurer would accept the settlement demand. The insurer and Nelson did not discuss the requirement that settlement proceeds were to be received by Nelson on or before December 27 and a written agreement was not executed. The insurer's offices closed at noon for the Christmas holidays and the settlement checks were not mailed until December 28.

On the morning of January 2, 1991, Nelson, who still had not received the checks, filed a complaint against Paxton. The settlement checks arrived in the afternoon mail and were returned to Paxton's insurer. Paxton answered the complaint, alleging, among other things, that Mayes' failure to wear a helmet constituted contributory negligence and assumption of the risk. In subsequent amended answers, Paxton asserted

the defenses of estoppel, waiver, release, and accord and satisfaction, claiming that Nelson entered into a binding settlement agreement on Mayes' behalf. Paxton also counterclaimed for specific performance of the settlement agreement. On cross-motions for summary judgment, the trial judge ruled that suit was not barred by settlement because Paxton's insurer had failed to comply with the terms of the settlement demand. The trial judge also struck the defenses of contributory negligence and assumption of the risk from Paxton's amended answer pursuant to Rule 12(f), SCRCP. Paxton appealed.

## II. DISCUSSION

Paxton first asserts that this action is barred by estoppel because Nelson allegedly spoke with insurance representatives on December 26 and December 28 without mentioning the December 27 deadline. According to Paxton, Nelson's failure to reaffirm his commitment to the deadline during those conversations amounted to a representation that the deadline need not be met, and the insurer's prejudicial reliance on that representation establishes estoppel. We disagree.

The essential elements of estoppel as related to the party estopped are: 1) conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; 2) intention, or at least expectation, that such conduct shall be acted upon by the other party; and 3) knowledge, actual or constructive, of the real facts. As to the party claiming the estoppel, the essential elements are: 1) lack of knowledge and of the means of knowledge of the truth as to the facts in question, 2) reliance upon the conduct of the party estopped, and 3) prejudicial change in position. *Southern Dev. Land and Golf Co., Ltd. v. S.C. Pub. Serv. Auth.*, — S.C. —, —, 426 S.E. (2d) 748, 750 (1993).

Estoppel by silence arises where a person owing another a duty to speak refrains from doing so and thereby leads the other to believe in the existence of an erroneous state of facts. *Ridgill v. Clarendon County*, 192 S.C. 321, 6 S.E. (2d) 766 (1939). The circumstances must have been such as to render it his duty to speak. *Southern Ry. Co. v. Day,*

140 S.C. 388, 398, 138 S.E. 870, 873 (1926). Here, Nelson informed Paxton's insurer in his demand letter that compliance with the deadline was a condition of settlement. Nelson had no continuing duty to repeatedly remind the insurer of the deadline in subsequent correspondence or conversations.

Moreover, estoppel requires a prejudicial change in position through reliance on the conduct of the party to be estopped. *Southern Dev. Land and Golf Co., Ltd.*, — S.C. at —, 426 S.E. (2d) at 750. Here, the claims representative felt that the deadline was no longer important immediately upon her agreeing to pay the policy limits. The record indicates that she reached this conclusion based on her experience in settling cases with other attorneys rather than on Nelson's conduct in this case. In addition, the adjustor reached this conclusion at least five days before Nelson allegedly misrepresented that the deadline no longer applied. For these reasons, we find that Paxton has failed to establish that the adjuster relied on Nelson's failure to assert the deadline in subsequent conversations.

■ Paxton contends the trial judge erred in finding that Nelson did not waive the December 27 deadline. We disagree.

■ The trial judge's findings of fact are conclusive unless there is no evidence that reasonably supports them. *Snell v. Parlette*, 273 S.C. 317, 322, 256 S.E. (2d) 410, 412 (1979). At trial, Nelson repeatedly testified that he was committed to the deadline and would not have altered the terms of the settlement demand. We find that there is evidence in the record to support the trial judge's finding and, therefore, dismiss Paxton's claim as meritless. Our ruling on this issue renders it unnecessary to address Paxton's remaining assertions that this action is barred by settlement as each of those arguments is based on the premise that Nelson waived the deadline.

Paxton next contends that the trial judge erred in striking the defenses of contributory negligence and assumption of the risk. We disagree.

As an initial matter, Paxton urges us to remand these issues for trial on the merits. According to Paxton, the defenses involve novel issues of law regarding a motorcyclist's duty to

wear a helmet that should not be decided merely on the pleadings.

If a motion to strike raises merely a doubtful question or the case is such that justice may be promoted by trial on the merits, the court should exercise a fair, judicial discretion to that end. *Springfield v. Williams Plumbing Supply Co.*, 249 S.C. 130, 138, 153 S.E. (2d) 184, 188 (1967). However, this rule is followed only in cases where there is either real cause for doubt, or it is clear that the ends of justice may well be promoted by a trial on the merits. *Id.* at 139, 153 S.E. (2d) at 188. Here, the facts bearing on the sufficiency of the challenged defenses are clear and undisputed. In our view, further development of the issues through a trial on the merits is not required for us to determine the sufficiency of these defenses as a matter of law. *Cf. Archambault v. Sprouse*, 215 S.C. 336, 55 S.E. (2d) 70 (1949) (undetermined facts precluded ruling as a matter of law). Accordingly, we turn to the merits of Paxton's claim that the trial judge erred by striking the defenses of contributory negligence and assumption of the risk pursuant to Rule 12(f).

Rule 12(f) provides:

> Upon motion pointing out the defects complained of, and made by a party before responding to a pleading or, if no responsive pleading is required within 30 days after the service of the pleading upon him or upon the court's own initiative, at any time the court may order stricken from any pleading any *insufficient defense* or any redundant, immaterial, impertinent or scandalous matter. (Emphasis added.)

The trial judge found the defenses of contributory negligence and assumption of the risk insufficient insofar as they were based on Mayes' failure to wear a helmet. Absent an abuse of discretion, his ruling will not be reversed. *Totaro v. Turner*, 273 S.C. 134, 254 S.E. (2d) 800 (1979).

The defense of assumption of the risk applies where the plaintiff assumes a risk of harm arising from the defendant's negligent or reckless conduct. *Hoeffner v. The Citadel*, — S.C. —, —, 429 S.E. (2d) 190 (1993) (citing *Restatement (Second) of Torts* § 496A (1965)). In the absence of express consent to assume the risk, the plaintiff's conduct can

be said to imply assumption of the risk where it is shown that he understood and appreciated a known danger created by the defendant, and then freely and voluntarily exposed himself to it. *Id.* As a matter of law, we find that a motorcyclist's decision to ride without a helmet does not imply his consent that motorists are relieved of the duty to use reasonable care toward him. *Cf.* W. Keeton, D. Dobbs, R. Keeton & D. Owens, *Prosser and Keeton on Torts* § 68 (1984 & Supp. 1988) (a jaywalker does not consent that drivers shall not use due care to avoid him).

We also find that Mayes' failure to wear a helmet does not constitute contributory negligence. It is undisputed that Mayes had no statutory duty to wear a helmet at the time of the accident. Although S.C. Code Ann. § 56-5-3669 (1991) requires the use of a helmet by motorcycle operators and passengers under the age of twenty-one, Mayes was excluded from that duty because he was more than twenty-one-years old when the accident occurred. In light of the fact that the Legislature has enacted a statute requiring the use of helmets and has specifically elected not to extend that requirement to motorcyclists twenty-one or older, we decline to create a judicial penalty for those exempted from the statutory duty. See *Keaton v. Pearson*, 292 S.C. 579, 358 S.E. (2d) 141 (1987) (declining to impose a duty to wear seatbelts when not statutorily required); *Kealoha v. County of Hawaii*, 74 Haw. 308, 844 P. (2d) 670 (1993) (the majority of jurisdictions have ruled against instituting a common law duty requiring motorcyclists to wear protective headgear).

For the foregoing reasons, the rulings of the trial judge are

Affirmed.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.