673 S.E.2d 836

**Ex Parte Janice S. WHEELER, Respondent,**

v.

**In re ESTATE OF Dorothy Fillius GREEN, Carlette Reynolds, Edward Scott Reynolds, Dawn Flack Reynolds, Thomas A. & Betty H. Considine, Lucy Ann Strickland, Maxine Green Thomas, John G. & Lois M. Considine, Susan C. Considine, James R. Considine, Carol Evans Fastnaught, Roberta Sodaro, Elizabeth Sodaro Wolters, Karen Sodaro Little, Douglas Wheeler, Janice S. Wheeler, Claire (Pat) Kelly Derickson, Heather Parkinson Webb, Treva Joyce Wilson, Susan P. Stowe, Frances O'Donnell Nevin, Adelina D'Aliosio, St. Andrews Catholic Church, North Myrtle Beach/Horry County Library, Briarcliffe Acres Association, Jennifer D. Powers, Kenneth S. & Laura F. Corbett, Defendants,**

**Of whom Kenneth S. & Laura F. Corbett are Respondents,**

**And Edward Scott Reynolds, Thomas A. & Betty H. Considine, Lois M. Considine, Briarcliffe Acres Association, and Jennifer D. Powers, are Appellants.**

No. 4494.

Court of Appeals of South Carolina.

Heard Dec. 11, 2008.

Decided Jan. 30, 2009.

550

J. Charles Ormond, Jr. and Anthony R. Plante, both of Columbia, for Appellant.

Charles Bernhart Jordan and John M. Leiter, both of Myrtle Beach, for Respondents.

HEARN, C.J.:

Edward Reynolds, Thomas and Betty Considine, Lois Considine, and Briarcliffe Acres Association (collectively Beneficiaries), as well as Jennifer Powers (collectively hereinafter referred to as Appellants) contend the circuit court erred in reversing the probate court's finding that Janice Wheeler breached her fiduciary duty to Beneficiaries by failing to consider other offers to purchase property under her control as personal representative (PR). We affirm.

## FACTS

In March of 2004, Dorothy Green died testate, and her Last Will and Testament named John Considine as her PR; however, Considine predeceased Green. Wheeler, Green's friend and devisee under the will, applied for and was appointed PR. The will required the disposition of Green's primary residence in the following fashion:

> THIRD. I direct my Personal Representative hereinafter named to sell my real property at 38 Birch Lane, Briarcliffe Acres, Horry County, South Carolina, and any other real

property I may hereafter acquire, at such time as, in his sole discretion, the sale would be most advantageous financially to my estate, regardless of whether it takes a year or more to do so, and to distribute the proceeds from such sales in accordance with the provisions of this Will.

Powers, having heard of Green's passing and also of Wheeler's impending appointment as PR, contacted Wheeler in April of 2004 to express interest in purchasing the Birch Lane property. Several weeks later, Powers and Wheeler met to discuss the property. Powers once again affirmed her interest in making an offer, and Wheeler indicated she would forward an appraisal of the property to Powers as soon as one had been obtained. In the weeks following their initial meeting, Powers continued to make phone calls to Wheeler in order to inquire as to the property's status and the forthcoming appraisal. Wheeler neither responded to Powers' calls, nor forwarded the appraisal, which was completed in early June 2004.

The appraisal was conducted by Jayroe Appraisal Company, and assigned a market value of $320,000 to the property. In July, Kenneth and Laura Corbett approached Wheeler about purchasing the property, submitting a written offer for $325,000, which Wheeler ultimately accepted. The Corbetts' contract also contained a clause stating the contract was subject to the approval of the probate court.

On August 25, in a letter from her attorney to Wheeler's attorney, Powers represented that she would be willing to pay $350,000 for the property; however, she did not include or submit a formal offer to purchase. Wheeler did not respond to Powers' offer, instead, she filed a Petition for Approval of Contract of Sale of Real Estate on October 7 with the probate court, seeking its approval of the Corbetts' contract to purchase the property. Wheeler's petition also stated she was aware Powers objected to the sale, but that she had not received an offer from Powers prior to accepting the Corbetts' offer.

Upon learning of Wheeler's petition, Powers tendered a written offer and formal contract to Wheeler's attorney for $385,000. Beneficiaries, in addition to would-be purchaser Powers, answered Wheeler's petition, alleging Wheeler had

breached her fiduciary duties as PR by failing to consider Powers' substantially higher offer to purchase the residence. The probate court held a hearing on the petition and ultimately denied approval of the contract of sale to the Corbetts; however, the court went on to find Wheeler had breached her fiduciary duty to the estate, and approved the sale of the residence to Powers. Respondents filed a motion to reconsider, which was denied. On appeal, the circuit court reversed the probate court and approved the petition for Corbetts' contract. Appellants appeal the circuit court's reversal.

## STANDARD OF REVIEW

 Appeals from the probate court are governed by the provisions of the Probate Code. *Matter of Howard*, 315 S.C. 356, 360, 434 S.E.2d 254, 256 (1993). The circuit court must hear and determine an appeal from the probate court "according to the rules of law." *Id.* (citing S.C.Code Ann. § 62–1–308(d) (Supp.2008)). "As used in [section 62–1–308], the phrase 'according to the rules of law' means according to the rules governing appeals." *Id.* On appeal from the final order of the probate court, the circuit court must apply the same rules of law as an appellate court would apply on appeal. *In re Estate of Pallister*, 363 S.C. 437, 447, 611 S.E.2d 250, 256 (2005). Consequently, if the proceeding in the probate court is in the nature of an action at law, "the circuit court and the appellate court may not disturb the probate court's findings of fact unless a review of the record discloses there is no evidence to support them." *Neely v. Thomasson*, 365 S.C. 345, 349–50, 618 S.E.2d 884, 886 (2005). "On the other hand, if the probate proceeding is equitable in nature, [an appellate court] may make factual findings according to its own view of the preponderance of the evidence." *Matter of Howard*, 315 S.C. 356, 361–62, 434 S.E.2d 254, 257–58 (1993).

 "To determine whether this suit is legal or equitable, we must look to the 'main purpose' of the action as reflected by the nature of the pleadings and proof, and the character of relief sought under them." *Gordon v. Drews*, 358 S.C. 598, 604, 595 S.E.2d 864, 867 (Ct.App.2004). A claim of breach of fiduciary duty is an action at law and the trial judge's findings will be upheld unless without evidentiary support. *Jordan v.*

*Holt,* 362 S.C. 201, 205, 608 S.E.2d 129, 131 (2005). However, a "breach of fiduciary duty [claim] may sound in equity if the relief sought is equitable." *Bivens v. Watkins,* 313 S.C. 228, 230 n. 3, 437 S.E.2d 132, 133 n. 3 (Ct.App.1993).

## LAW/ANALYSIS

### I. Wheeler's Alleged Breach of Her Fiduciary Duty as PR

Appellants contend the circuit court erred in reversing the probate court's finding that Wheeler breached her fiduciary duty to Beneficiaries by failing to consider other offers for the purchase of the property. Appellants maintain Wheeler failed to act in the best interest of the estate by not inquiring into or entertaining an offer from Powers that Wheeler knew to be forthcoming as soon as an appraisal had been conducted. We disagree.

Assuming without deciding that Wheeler's petition to consummate the Corbetts' contract to purchase the property sounded in equity, a claim of breach of fiduciary duty is an action at law. *Clearwater Trust v. Bunting,* 367 S.C. 340, 351 n. 4, 626 S.E.2d 334, 340 n. 4 (2006). Additionally, the circuit court stated it was reviewing the decision of the probate court under the more stringent standard at law. A case may involve both equitable and legal issues. *See Blackmon v. Weaver,* 366 S.C. 245, 248–49, 621 S.E.2d 42, 43–44 (Ct.App. 2005). However, an appellate court must look to the main purpose of the proceeding in order to determine the standard of review to exact. *Gordon v. Drews,* 358 S.C. 598, 604, 595 S.E.2d 864, 867 (Ct.App.2004).

Although this action was filed by Wheeler solely in an attempt to approve the contract she had accepted from the Corbetts as PR of Green's estate, Appellants' answer and allegation of a breach of fiduciary duty in Wheeler's handling of the sale of the property became the determinative issue in the hearing before the probate court. Nevertheless, the relief requested in the claim for breach of fiduciary duty was for the Corbetts' contract to be set aside, and the Powers' proffered contract to be approved. *See Bivens v. Watkins,* 313 S.C. 228, 230 n. 3, 437 S.E.2d 132, 133 n. 3 (Ct.App.1993) (noting a

breach of fiduciary duty claim may sound in equity if the relief sought is equitable).

In essence, Appellants' counterclaim and request to accept Powers' contract can be construed as requesting two kinds of relief: first, it took the form of a motion for injunctive relief to disapprove the Corbetts' contract; and second, it was accompanied by a request for specific performance of a separate contract. Because there was no acceptance of Powers' offer, a contract between the estate and Powers never existed; therefore, specific performance on Powers' offer could not be granted. *See Rushing v. McKinney*, 370 S.C. 280, 290, 633 S.E.2d 917, 922 (Ct.App.2006) (holding for a contract to exist, there must be a meeting of the minds consisting of an offer and an acceptance) (citation omitted); *Ingram v. Kasey's Assocs.*, 340 S.C. 98, 106, 531 S.E.2d 287, 291 (2000) ("In order to compel specific performance, a court of equity must find: (1) there is clear evidence of a valid agreement...."). However, the power of the court to grant an injunction is in equity. *Strategic Res. Co. v. BCS Life Ins. Co.*, 367 S.C. 540, 544, 627 S.E.2d 687, 689 (2006). As decided by the circuit court, had the probate court not found Wheeler breached her duties as a fiduciary to the estate, then the approval of the sale to the Corbetts would presumably have followed accordingly. Because the injunctive relief requested in Appellants' breach of fiduciary duty claim took an equitable form, it follows that the circuit court should have applied an equitable standard of review, as will this court, and made factual findings according to its own view of the preponderance of the evidence.

A personal representative is a fiduciary under this state's probate code. S.C.Code Ann. § 62–3–703 (Supp.2008); S.C.Code Ann. § 62–1–201 (Supp.2008). "That a fiduciary relationship exists between each heir or beneficiary of an estate and the administratrix thereof is fundamental." *Witherspoon v. Stogner*, 182 S.C. 413, 414, 189 S.E. 758, 759 (1937). "A fiduciary relationship exists when one reposes special confidence in another, so that the latter, in equity and good conscience, is bound to act in good faith and with due regard to the interests of the one reposing confidence." *O'Shea v. Lesser*, 308 S.C. 10, 15, 416 S.E.2d 629, 631 (1992). "One standing in a fiduciary relationship with another is subject to

liability to the other for harm resulting from a breach of duty imposed by the relation." *Moore v. Moore*, 360 S.C. 241, 253, 599 S.E.2d 467, 473 (Ct.App.2004).

According to the will, the PR of Green's estate was to sell any property Green owned at her death in a manner that was "most advantageous financially to [Green's] estate, regardless of whether it takes a year or more to do so." The probate court found, and Wheeler even admitted, that she was aware of Powers' interest in purchasing the property before she was even appointed at PR of the estate. Wheeler met with Powers, at which time Powers expressed her interest in the property, and Wheeler indicated she would forward a forthcoming appraisal to her when it became available. However, despite Powers' repeated phone calls, letters, and obvious interest in the status of the property, Powers did not make a formal offer on the property in the four-plus months following Green's death.

Faced with the prospect of waiting on a speculative written offer to materialize, or accepting an in-hand, written offer that was for more than the estate's own appraisal, Wheeler decided it was in the best interest of the Beneficiaries to accept the Corbetts' contract. Moreover, when Powers did finally present a written offer as a part of her answer and counterclaim, the offer contained several contingencies that were not present in the Corbetts' offer, namely: it required the estate to issue a general warranty deed on the property; an inspection clause to determine if the property would be suitable for Powers' use; and the offer required Wheeler to warrant there was no litigation pending that involved the property.

The circuit court found that Wheeler, as a fiduciary of the estate, had to conform to the prudent investor rule, codified under section 62–7–933 of the South Carolina Code (Supp. 2008). Specifically, the court concluded "compliance with the prudent investor rule is determined in light of the facts and circumstances existing at the time of a trustee's decision or action and not by hindsight." S.C.Code Ann. § 62–7–933(G) (Supp.2008). We agree. At the time Wheeler petitioned the probate court for approval, she knew of Powers' interest, but had only received an offer from the Corbetts that was for more than the appraisal and contained no unreasonable contin-

gencies. Given the circumstances, Wheeler would have most likely breached her fiduciary duties had she not accepted the Corbetts' offer.

## CONCLUSION[1]

In our view under the preponderance of the evidence, Wheeler did not breach her fiduciary duty in accepting the sole written contract the estate had received. Consequently, the circuit court did not err in reversing the probate court and approving the Corbetts' contract. The decision of the circuit court is therefore

**AFFIRMED.**

SHORT, J., and KONDUROS, J., concur.

---

1. Wheeler and the Corbetts also contend Appellants have not preserved our review any argument suggesting the standard for approval of the Corbetts' contract to purchase the property, analyzed separately from any alleged breach of fiduciary duty by Wheeler, is whether the contract is in the best interests of the beneficiaries. Because we find the circuit court did not err in its analysis of the preponderance of the evidence, we need not view the disapproval of the Corbetts' contract separate and apart from an allegation of Wheeler's breach. *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).